**In re James A. HENDLEMAN, Debtor.**

**Bankruptcy No. 87 B 7143.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Aug. 15, 1988.

Michael R. Ralph, Mary Hylton, Richards, Ralph & Eiden, Chtd., Vernon Hills, Ill., for debtor.

Jonathan S. Waller, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for 1st Midwest Bank.

Faye B. Feinstein, Jamie K. Miller, Antonow & Fink, Chicago, Ill.

Office of Craig Phelps, Chicago, Ill., for Standing Trustee.

Katherine G. File, Robert W. Greene, Pierce & Associates, Chicago, Ill.

### MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

The Debtor has moved to modify his confirmed Chapter 13 plan and First Midwest Bank of Waukegan has moved for an Order declaring that it has an equitable mortgage on the Debtor's residence. At issue is the disposition of the net proceeds (after payment of a first mortgage and other charges against the property) of the sale of that residence. The proposed modification, in essence, contains two alternatives. If the equitable mortgage claim is allowed, those net proceeds (about $32,000) would be paid to First Midwest and the Debtor would pay a nominal amount to the trustee for unsecured creditors; alternatively, if that claim is not allowed as a secured claim, those proceeds would be paid to the trustee. First Midwest's motion is denied; First Midwest's claim will be treated as an unsecured claim; and the

Debtor's motion to modify his plan will be allowed, with the understanding that the net proceeds of the house sale will be paid to the Trustee for distribution to unsecured creditors.

As originally confirmed, the plan proposed to satisfy the secured and unsecured claims by distributing the proceeds of the sale of the Debtor's home. The Debtor's home was sold pursuant to the Court's order, but the proceeds will be insufficient to cover all the claims of the unsecured creditors if the claim of First Midwest Bank of Waukegan ("First Midwest") is recognized as a equitable mortgage and is allowed status as a secured second lien. Hence the Debtor's and First Midwest's motions, which call upon this Court to decide how the unexpectedly inadequate amount now available should be distributed.

The Debtor and First Midwest stipulated to the following facts: First Midwest loaned $35,000 to the Debtor in January, 1987. The loan was evidenced by a promissory note and secured by an assignment of the Debtor's beneficial interest in a land trust covering the Debtor's home. The parties also executed a security agreement that gave First Midwest a security interest in the Debtor's interest in the land trust. The Debtor intended that his home would serve as security for the $35,000 loan, and the documents, read together, reflect that intent. Nevertheless, the Debtor failed to deed the real estate to the land trust. The Debtor then defaulted on the loan, and First Midwest now retains an assignment of a beneficial interest in a land trust that holds title to no property.

*Discussion:*

Illinois has long recognized the existence of equitable liens. *See, Watson v. Hobson,* 401 Ill. 191, 81 N.E.2d 885 (1948); *Hargrove v. Gerill Corp.,* 124 Ill.App.3d 924, 80 Ill.Dec. 243, 464 N.E.2d 1226 (2d Dist. 1984). An equitable lien finds its basis in express or implied contract and requires a debt which the parties intend to be secured or satisfied by specific property. *See, Avco Delta Corp. Canada Ltd. v. United States,* 484 F.2d 692 (7th Cir.1973), *cert. denied*

*Canadian Parkhill Pipe Stringing Ltd. v. United States,* 415 U.S. 931, 94 S.Ct. 1444, 39 L.Ed.2d 490 (1974), *appeal after remand,* 540 F.2d 258 (7th Cir.1976), *cert. denied* 429 U.S. 1040, 97 S.Ct. 739, 50 L.Ed. 2d 752 (1977). The Debtor admits that he intended his home to be security for the $35,000 loan. However, the land trust executed to secure the loan possesses no property. Under Illinois law, the declaration of an equitable lien would be appropriate. Nevertheless, such an equitable lien cannot be given effect here.

A proposed modification of a plan under Chapter 13 must satisfy the requirements of Section 1325(a) of the Bankruptcy Code. 11 U.S.C. § 1329(b)(1). Section 1325(a)(3) imposes a "best interests of creditors" test, under which the plan must offer unsecured creditors payments having a present value equal to what they would get in a liquidation case under Chapter 7. *Matter of Einoder,* 55 B.R. 319, 323 (Bankr.N.D.Ill. 1985).

Applying the best interests test here, the proposed modified plan could not be approved if payment of the net sales proceeds were to be made to First Midwest on an equitable lien. That is because a trustee in a Chapter 7 case could—and, it must be assumed, would—set aside that lien by using the "strong arm" power he would have under 11 U.S.C. § 544(a). Under that section, a Trustee has the same powers to avoid unperfected liens as a judicial lien creditor and a bona fide purchaser of the debtor's real estate would have. An equitable lien in the debtor's property (by definition, unperfected) can never survive attack by a Chapter 7 Trustee. *Einoder,* 55 B.R. at 328.

In addition, equitable liens are treated with disfavor under bankruptcy law. *Einoder,* 55 B.R. at 328; H.R.Rep. No. 595, 95th Cong., 1st Sess. 209, *reprinted in* 1978 U.S.Code Cong. & Ad.News p. 5787. A creditor who failed to take the steps necessary to perfect a security interest should not be provided with a favorable position by the Bankruptcy Court at the expense of other creditors who had no notice of that interest. The real dispute here

is not between First Midwest and the Debtor (who will get nothing from the sale of the house no mater what this Court decides), but between First Midwest and the Debtor's unsecured creditors. In a bankruptcy case, there is nothing equitable about taking money away from unsecured creditors and giving it to a creditor that failed to protect its own interests when it had a chance to do so.

Although First Midwest will not be allowed status as an equitable lienor and secured creditor, its claim is entitled to unsecured status. Accordingly, an Order will be entered confirming the plan as modified, without granting priority treatment to First Midwest with respect to the distribution of the sale proceeds, and denying First Midwest's motion for recognition of an equitable lien.