**In re David W. GIBSON, Michele R. Gibson, Debtors.**

**Brent A. Stubbins, Plaintiff,**

v.

**Wells Fargo Bank, N.A., Defendant.**

**Bankruptcy No. 07–54937.
Adversary No. 07–02781.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 29, 2008.

---

Mark Stubbins, Zanesville, OH, for Plaintiff.

Amelia A. Bower, Columbus, OH, Phyllis A. Ulrich, Cleveland, OH, for Defendant.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of the Plaintiff's Motion for Summary Judgment (Doc. 15) filed by the Case Trustee, Brent Stubbins, ("Trustee"), the Response (Doc. 16) filed by Wells Fargo Bank, N.A. ("Wells Fargo"), and the Reply Brief (Doc. 19) filed by Trustee in the above captioned adversary proceeding. The Court having considered the record and the arguments of the parties, makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 USC § 157(b)(2)(A) and (K). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the nonmoving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit has articulated the following standard to apply when evaluating a motion for summary judgment:

[T]he moving party may discharge its burden by "pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present signifi-

cant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.,* 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.,* 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If otherwise appropriate, summary judgment may also be entered for a nonmoving party. *K.E. Resources, Ltd. v. BMO Fin. Inc. (In re Century Offshore Mgmt. Corp.),* 119 F.3d 409, 412 (6th Cir.1997); *see also Celotex,* 477 U.S. at 326, 106 S.Ct. 2548 ("[C]ourts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence.").

## II. Findings of Fact

Upon the pleadings, depositions, answers to interrogatories, admissions on file, affidavits and stipulations, the Court

makes the following findings of fact: David and Michele Gibson ("Debtors") filed for bankruptcy protection under chapter 7 of the Bankruptcy Code on June 27, 2007. The parties in this adversary filed Stipulations of Fact (Doc. 14) which state in pertinent part as follows:

1. Debtors David W. Gibson and Michele R. Gibson obtained title to real estate commonly known as 6950 Axline Avenue, East Fultonham, Ohio by virtue of a Warranty Deed ... dated June 7, 2002 and recorded on June 14, 2002 in Volume 1674 Page 284 of Muskingum County Records ("Deed").

. . .

2. On or about September 26, 2005 David W. Gibson and Michelle [sic] R. Gibson executed and delivered to Wells Fargo Bank NA a Mortgage in the principal amount of $80,750.00 ("Mortgage") with a legal description attached for property known as 6950 Axline Avenue, East Fultonham, Muskingum County, Ohio.

3. The original Mortgage has not been filed in the office of the Recorder for Muskingum County.

4. On January 26, 2006 John G. Neal executed an Affidavit on Facts Relating to Title which was filed on February 3, 2006 in Muskingum County Official Record Volume 2007 Page 499 ("Affidavit").

5. The Affidavit was filed pursuant to Ohio Rev.Code § 5301.252.

6. Attached to the Affidavit was a copy of the Mortgage.

. . .

Stipulations of Fact.

### III. Arguments of the Parties

Pursuant to 11 U.S.C. § 544(a) the Trustee seeks to avoid Wells Fargo's interest in Debtors' real property located at 6950 Axline Avenue, East Fultonham, Ohio on the basis that Wells Fargo failed to record the mortgage document ("Mortgage") executed by Debtors, but instead filed just an affidavit of facts relating to title ("Affidavit") with a copy of the Mortgage attached as an exhibit. The Trustee maintains that Wells Fargo does not have a perfected mortgage lien and can avoid the same as a hypothetical lien creditor and bona fide purchaser of real property.

In response, Wells Fargo argues that 1) the filing of the Affidavit provided the Trustee with notice of its mortgage interest sufficient to defeat the Trustee's status as a bona fide purchaser of real property; 2) the Trustee cannot avoid Wells Fargo's interest as a judgment lien creditor because judgment lien creditors are not bona fide purchasers for value; and 3) Wells Fargo has an equitable lien that cannot be avoided by the Trustee, and thus, perfection of its mortgage interest is irrelevant.

### IV. Discussion

Section 544(a) of the Bankruptcy Code, known as the "strong arm" clause, vests a bankruptcy trustee with the power to avoid transfers of property that would be avoidable by certain creditors or bona fide purchasers, regardless of whether such a creditor or purchaser exists. Section 544(a) provides, in pertinent part, as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such

time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

. . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(1) and (3).

 The Trustee can avoid Wells Fargo's interest in the Debtors' real property because as a hypothetical lien creditor his interest takes priority over an unrecorded mortgage under Ohio law. 11 U.S.C. § 544(a)(1) "grant[s] a bankruptcy trustee the status of a hypothetical lien creditor who is deemed to have perfected his interest as of the date of the filing of the bankruptcy petition." *Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 564 (6th Cir.2006). "Therefore, to defeat the trustee's status, a creditor must possess a perfected security interest on the date the debtor filed a bankruptcy petition." *Rieser v. Randolph County Bank (In re Masters)*, 137 B.R. 254, 259 (Bankr.S.D.Ohio 1992) (citations omitted). State law governs the determination of whether a party has a perfected security interest.

 Ohio Revised Code § 5301.23 provides as follows:

(A) All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and *shall take effect at the time they are delivered to the recorder for record.* If two or more mortgages pertaining to the same premises are presented for record on the same day, they shall take effect in the order of their presentation. The first mortgage presented shall be the first recorded, and the first mortgage recorded shall have preference.

(B) A mortgage that is presented for record shall contain the then current mailing address of the mortgagee. The omission of this address or the inclusion of an incorrect address shall not affect the validity of the instrument or render it ineffective for purposes of constructive notice.

O.R.C § 5301.23 (emphasis added). "Under Ohio law a mortgage upon real estate is a lien from time of record." *Muffler v. Petticrew Real Estate Co.*, 132 F.2d 479, 481 (6th Cir.1942) (citations omitted). The Debtors filed their chapter 7 case on June 27, 2007, and as a result, the Trustee is deemed to have perfected his interest in Debtors' real property as of that date. Wells Fargo did not file the original mortgage in the applicable county recorder's office. However, Wells Fargo filed an Affidavit on Facts Relating to Title pursuant to O.R.C. § 5301.252, attaching a copy of the executed but unrecorded mortgage. Thus, this Court must determine to what extent, if any, the Affidavit created an interest in the Debtors' real property.

 Ohio Revised Code § 5301.252, provides in pertinent part as follows:

(A) An affidavit stating facts relating to the matters set forth under division (B) of this section that may affect the title to real estate in this state, made by any person having knowledge of the facts or competent to testify concerning them in open court, may be recorded in the office of the county recorder in the county in which the real estate is situated. When so recorded, such affidavit, or a certified copy, *shall be evidence of the facts stated,* insofar as such facts affect title to real estate.

(B) The affidavits provided for under this section may relate to the following matters:

(1) Age, sex, birth, death, capacity, relationship, family history, heirship, names, identity of parties, marriage, residence, or service in the armed forces;

(2) Possession;

(3) The happening of any condition or event that may create or terminate an estate or interest;

(4) The existence and location of monuments and physical boundaries, such as fences, streams, roads, and rights of way;

(5) In an affidavit of a registered surveyor, facts reconciling conflicts and ambiguities in descriptions of land in recorded instruments.

(C) The county recorder for the county where such affidavit is offered for record shall receive and cause the affidavit to be recorded as deeds are recorded, and collect the same fees for recording such affidavit as for recording deeds.

(D) Every affidavit provided for under this section shall include a description of the land, title to which may be affected by facts stated in such affidavit, and a reference to an instrument of record containing such description, and shall state the name of the person appearing by the record to be the owner of such land at the time of the recording of the affidavit. The recorder shall index the affidavit in the name of such record owner.

. . .

O.R.C. § 5301.252 (emphasis added). "The filing [of an affidavit pursuant to O.R.C. § 5301.252] creates no interest in the subject real property or encumbrance on the title. Rather, it is a statutory device for recording facts which *may* affect title to real estate in the state of Ohio." *Catawba West, Inc. v. Domo,* 75 Ohio App.3d 80, 83, 598 N.E.2d 883 (1991); *see also Bradford v. Reid,* 126 Ohio App.3d 448, 453, 710 N.E.2d 761 (Ohio Ct.App. 1998) (citing *Catawba,* 75 Ohio App.3d at 83, 598 N.E.2d 883)). An affidavit of facts relating to title is "evidence of the facts asserted[, but] it does not conclusively establish such facts." *Guar. Title & Trust Co. v. Am. Mortgage Solutions,* 2001 WL 958798, *2, 2001 Ohio App. LEXIS 3690, *7 (Ohio App.2001). "The filing can only be *evidence* of an adverse interest, not an interest itself." *Bradford,* 126 Ohio App.3d at 453, 710 N.E.2d 761.

■ The Affidavit filed by Wells Fargo states in pertinent part as follows:

2. This affidavit is made to reflect a happening creating a mortgage interest in the following described property:

. . .

Property address: 6950 Axline Ave., E. Fultonham OH 43735;

3. On or about September 26, 2005, David W. Gibson and Michelle R. Gibson executed and delivered to Wells Fargo Bank, N.A. ("Lender") a promissory note and first mortgage in an original amount of Eighty Thousand Seven Hundred Fifty Dollars ($80,750.00) to be a first mortgage against the above-described premises;

4. The first mortgage described herein and a check for recording fees was sent to the Muskingum County Recorder on or about the 30th day of September, 2005;

5. The original first mortgage instrument cannot now be located;

6. A true copy of the executed document is attached hereto as Exhibit "A"; and

7. This affiant says that the Lender, Wells Fargo Bank, N.A., has a lien and

mortgage interest in the real property described herein.

. . .

Complaint, Ex. B. Even though the Affidavit[1] states Wells Fargo has a "lien and mortgage interest in the real property," such statements are of no effect because an affidavit of facts relating to title does not establish an interest in or encumbrance on real property. *Catawba,* 75 Ohio App.3d at 83, 598 N.E.2d 883. Furthermore, any language in the Affidavit indicating Wells Fargo possesses a lien on Debtors' real property is of no consequence because a mortgage lien can only take effect at the time the mortgage is delivered to the applicable county recorder for record pursuant to O.R.C. § 5301.23, and Wells Fargo failed to do just that. Attaching a copy of an executed mortgage document to the Affidavit does not change this. The copy of the Mortgage attached to the Affidavit has no effect. To hold otherwise would eviscerate O.R.C. § 5301.23, which requires that mortgages be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record. For these reasons, this Court finds that Wells Fargo does not possess a mortgage lien on Debtors' real property because it failed to record the executed Mortgage as required by O.R.C. § 5301.23. Wells Fargo is simply left with an unrecorded mortgage.

With respect to unrecorded mortgages, the Ohio Supreme Court in *Holliday v. Franklin Bank of Columbus* observed:

[A] mortgage under the statute,[2] shall take effect from the time it is delivered to the recorder to be entered of record; . . . the recording or delivering for record, is a part of the execution; and hence, before that act is done, . . . the instrument is not a mortgage, and therefore . . . notice that certain written instruments exist which may become mortgages by delivery for record, will not prevent another party from taking a like instrument and making it a mortgage by delivering it for record; and when it once becomes a mortgage by such delivery, if it be prior in time, it will take precedence under the statute. The fact of notice, that there are other mortgages unexecuted for lack of delivery for record, will not destroy its validity or priority. Before execution by delivery for record, they are, at best, mere agreements for a mortgage; and as the right to take a mortgage is equal among all, he who first succeeds, will prevail. . . . The court has declared, therefore, in obedience to the statute, that they shall have no effect, either in law or equity, before such delivery.

*Holliday v. Franklin Bank of Columbus,* 16 Ohio 533, 536–37 (1847) (citing *Stansell v. Roberts,* 13 Ohio 148 (1844); *Mayham v. Coombs,* 14 Ohio 428 (1846)). Moreover,

---

1. Whether the Affidavit can even be considered as evidence of the facts stated therein is questionable because it does not contain any averments indicating the affiant is a person having knowledge of the facts or is otherwise competent to testify concerning the facts in open court as required by O.R.C. § 5301.252(A). This issue was not raised by the parties and the Court need not decide the same because the determination of it does not change the fact that an affidavit of facts relat-

ing to title does not create an interest or encumbrance in real property.

2. Section 7 of the Act of 1831 provided in pertinent part " 'that all mortgages executed agreeably to the provisions of this act, shall be recorded in the office of the recorder in the county in which such mortgaged premises are situated, and shall take effect from the time when the same are recorded. . . .' " *Mayham v. Coombs,* 14 Ohio 428, 433 (1846).

"[a]n unrecorded mortgage ... does not vest in the mortgagee any interest in the premises, either legal or equitable, as against subsequent purchasers or *judgment creditors* of the mortgagor." *Langmede v. Weaver*, 65 Ohio St. 17, 34, 60 N.E. 992 (1901) (citing *Straman v. Rechtine*, 58 Ohio St. 443, 51 N.E. 44 (1898) (emphasis added)). The unrecorded mortgage held by Wells Fargo is at this point a "mere agreement for a mortgage" and does not vest in Wells Fargo any interest as against judgment creditors. Thus, Wells Fargo does not possess a security interest in the Debtors' real property by which it can defeat the Trustee's status as a hypothetical lien creditor. As a result, the Trustee has priority over the unrecorded mortgage held by Wells Fargo and can avoid the same pursuant to 11 U.S.C. § 544(a)(1).

Wells Fargo argues that under Ohio law, judgment lien creditors are not bona fide purchasers, and thus, the Trustee cannot use § 544(a)(1) to avoid the Mortgage. Wells Fargo's interpretation of Ohio law may be true; however, Wells Fargo confuses the scope and focus of § 544(a)(1) and § 544(a)(3) of the Bankruptcy Code. The latter provision grants the Trustee status of a bona fide purchaser whereas the former grants the Trustee the status of a judgment lien creditor. Neither the Bankruptcy Code nor Ohio law requires that a judgment creditor have the same attributes of a bona fide purchaser as it pertains to notice of a prior interest; neither requires a judgment creditor to lack notice of an unrecorded or defective lien in order to obtain a superior lien on a judgment debtor's property. Wells Fargo's observation is inapposite.

Wells Fargo concedes the fact that filing the Affidavit is not a substitute for recording the mortgage itself, but asserts that it creates an equitable mortgage to which the Trustee's interest in Debtors' property is inferior. This theory is of no avail to Wells Fargo. In general, "any transaction intended to secure performance of an obligation by way of conveyance of property will be enforced in equity as a mortgage, although because of a defect in form or some other defect, it is not a mortgage at law." 69 Ohio Jur.3d *Mortgages* § 9 (2008) (Westlaw through June 2008) (citations omitted). In Ohio, equitable *mortgage liens, however, are limited in application to the parties involved in the transaction when a recording statute otherwise mandates that the mortgage be recorded before it takes effect.* See Bloom v. Noggle, 4 Ohio St. 45, 51–52 (1891) (observing that a court of equity may specifically enforce an agreement in writing for a mortgage as between the parties to such contract but no effect may be given to the contract as between third parties who subsequently acquire a lien against or title in the same property); *see also Mid Am. Nat'l Bank & Trust Co. v. Comte/Rogers Dev. Corp.*, 1996 WL 549249, 1996 Ohio App. LEXIS 4221 (Ohio Ct.App.1996) (stating "[t]he failure to record a mortgage does not ... affect the enforceability of that contract between the parties") (citation omitted). In *Holliday*, the Supreme Court of Ohio held that unrecorded mortgages have no effect in law or equity as against third parties and stated as follows:

> Before execution by delivery for record, [mortgages] are, at best, mere agreements for a mortgage; and as the right to take a mortgage is equal among all, he who first succeeds, will prevail. But it may be argued that if such unexecuted mortgages could be considered as agreements for a mortgage, they would at least confer an equity; and that a person who should, with notice of this equity, acquire a legal mortgage, ought to be treated as a trustee, and to hold for the benefit of the equity. This would be the

result, if we reasoned upon the ordering doctrine governing equities; but this conclusion is disturbed by the statute, which steps in and declares in such case that mortgages shall take effect and have precedence from the time of delivery for record. The court has declared, therefore, in obedience to the statute, that they shall have no effect, either in law or equity, before such delivery. *Holliday v. Franklin Bank of Columbus*, 16 Ohio 533, 536–37 (1847) (citations omitted). The recording statute for mortgages "puts at rest all the vexed questions as to procedure, and enables all persons certainly to know whether the property of persons to whom they extend credit is incumbered or not, without being involved in the vexed questions of prior equities and notice." *Holliday*, 16 Ohio at 539. "[U]nrecorded instruments are good and effectual between the parties[,] but entirely nugatory as to third parties, both at law and in *equity*, until they are recorded." *Fosdick v. Barr*, 3 Ohio St. 471, 475 (1854) (emphasis added).

 Furthermore, equitable liens are treated with disfavor under bankruptcy law and cannot survive attack by a Chapter 7 Trustee because by definition an equitable lien is unperfected. *In re Hendleman*, 91 B.R. 475, 477 (Bankr.N.D.Ill. 1988) (citation omitted). Moreover, "there is nothing equitable about taking money away from unsecured creditors and giving it to a creditor that failed to protect its own interests when it had a chance to do so." *Hendleman*, 91 B.R. at 477. Even

though Wells Fargo may have an equitable lien as between it and the Debtors, that does not insulate it from the avoidance powers of the Trustee because under Ohio law and the Bankruptcy Code the Trustee's interest in Debtors' real property is superior to that of Wells Fargo.[3]

Having concluded that the Trustee prevails under § 544(a)(1), the Court need not address the parties' arguments under § 544(a)(3).

## V. Conclusion

This Court finds that there is no genuine issue as to any material fact and Plaintiff Trustee is entitled to judgment as a matter of law. For all the reasons stated above, because Wells Fargo's unrecorded mortgage is avoidable by the Trustee pursuant to 11 U.S.C. 544(a)(1), the Plaintiff's Motion for Summary Judgment is hereby granted.

The Court will enter a separate judgment consistent with the foregoing.

---

**3.** Wells Fargo cites *Pellerin v. Stuhley (In re Destro)*, 675 F.2d 1037 (9th Cir.1982) and *Thacker v. United Cos. Lending Corp. (In re Thacker)*, 229 B.R. 139 (Bankr.W.D.Ky.1998) for the proposition that the bankruptcy trustee cannot avoid an unrecorded mortgage because it creates an equitable lien on the real property. Wells Fargo's reliance on these cases is misplaced. The *Destro* case was decided pursuant to § 70c of the Bankruptcy Act of 1898, which was repealed and replaced by the Bankruptcy Code of 1978, and California law, but Wells Fargo fails to illustrate how *Destro* is relevant to this action. The judgment in the *Thacker* case was reversed on appeal. *See Thacker v. United Cos. Lending Corp. (In re Thacker)*, 256 B.R. 724 (W.D.Ky. 2000).