In re Jason K. DURHAM, Dava
L. Durham, Debtors.

Jeffrey M. Kellner, et al., Plaintiffs

v.

Fifth Third Bank, Defendant.

Bankruptcy No. 11–36407.
Adversary No. 12–3134.

United States Bankruptcy Court,
S.D. Ohio,
Western Division,
at Dayton.

April 26, 2013.

508

Andrew Zeigler, Thompson & Deveny Co. LPA, Dayton, OH, for Plaintiff.

Amelia A. Bower, Columbus, OH, Alison A. Gill, Westerville, OH, for Defendant.

**Decision Denying Trustee's Motion For Summary Judgment**

GUY R. HUMPHREY, Bankruptcy Judge.

## I. Introduction

This matter is before the court on the motion (doc. 23) of plaintiff Jeffrey M. Kellner, the Chapter 13 trustee, for summary judgment on his claim to avoid the unrecorded mortgage lien of defendant Fifth Third Bank as to certain real property pursuant to his powers as a hypothetical judgment lien creditor under 11 U.S.C. § 544(a)(1). Fifth Third Bank opposes summary judgment on the basis that the doctrine of *lis pendens* bars the Chapter 13 trustee from proceeding as a hypothetical judgment lien creditor in this case and that the *Rooker–Feldman* doctrine precludes this court from exercising subject-matter jurisdiction over this avoidance action in light of a prior foreclosure decree entered in state court. The Chapter 13 trustee responds that neither *lis pendens* nor *Rooker–Feldman* applies here and

that he is entitled as a matter of law to avoid the mortgage of Fifth Third Bank pursuant to 11 U.S.C. § 544(a)(1).

## II. Facts Not In Dispute

These undisputed facts are taken from the "Stipulations of Fact" and the documents which the parties attached and incorporated into that Stipulation (doc. 22).

Debtor Dava L. Durham formerly known as Dava L. Sherrill owns the real estate located at 2701 Odin Court, Dayton, Ohio 45449 (the "Property") pursuant to a deed filed on April 8, 2004. Exhibit A, doc. 22. Debtor Jason K. Durham is not an owner of the Property, but as the spouse of Dava L. Durham, has a dower interest in the Property under Ohio law.

On February 10, 2006 Debtors Dava L. Durham and Jason K. Durham (the "Durhams") executed a mortgage (the "Mortgage") on the Property in favor of Fifth Third Bank ("Fifth Third"). Exhibit B, doc. 22. On that date, Dava L. Durham signed a note in the amount of $83,200 as well as the Mortgage securing payment of said note. Jason Durham signed the Mortgage, but not the note. The Mortgage was not recorded.

Prior to filing its foreclosure action, Fifth Third filed an "Affidavit on Facts as to Lost Mortgage," recorded in Montgomery County, Ohio on May 23, 2011. Exhibit C, doc. 22. On June 2, 2011 Fifth Third filed a mortgage foreclosure action against the Durhams in the Montgomery County Court of Common Pleas (the "State Court"), Case No. 2001 CV 03958. Exhibit D, doc. 22. The State Court entered a decree of foreclosure on July 25, 2011. Exhibit E, doc. 22.

## III. Procedural Background

The Durhams filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on December 1, 2011. On April 30, 2012 Jeffrey M. Kellner (the "Trustee"), as trustee of the Chapter 13 estate, along with the Durhams, initiated this adversary proceeding by the filing and serving of a complaint against Fifth Third seeking to avoid the Mortgage. On May 15, 2012 Fifth Third filed an answer with regard to a second mortgage on the Property (doc. 8). On May 17, 2012 Fifth Third filed an answer to the complaint addressing the Mortgage (doc. 9).

This matter is before the court on the Trustee's *Motion for Summary Judgment* (the "Motion") filed on October 12, 2012 (doc. 23). On September 26, 2012 the Trustee and Fifth Third also filed the *Stipulation of Facts* (doc. 22), to which the following were attached and incorporated by reference: the Warranty Deed, the Note, the Affidavit on Facts as to Lost Mortgage, the Complaint for Foreclosure in State Court, and the Final Judgment Entry. On October 17, 2012 Fifth Third filed its *Memorandum in Opposition to the Trustee's Motion for Summary Judgment* (doc. 25) and on October 31, 2012 the Trustee filed a reply (doc. 29).[1]

---

1. Fifth Third also has filed a motion to dismiss the Durhams as co-plaintiffs (doc. 24) because they lack direct standing to avoid a consensual lien under 11 U.S.C. § 544. *See Dickson v. Countrywide Home Loans (In re Dickson)*, 655 F.3d 585 (6th Cir.2011). Because the Trustee is asserting his rights and powers under 11 U.S.C. § 544(a)(1), the Durhams likewise do not have derivative standing with respect to the Trustee's status as a hypo- thetical judgment lien creditor. *See Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc. (In re Trailer Source, Inc.)*, 555 F.3d 231, 244–45 (6th Cir.2009) (party may not proceed under derivative standing when trustee plans to do so). Neither the Trustee nor the Durhams opposed the motion to dismiss. Given the ostensible merits of the motion and the lack of any response, counsel for Fifth Third may upload a proposed order

## IV. Legal Conclusions

### A. Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 05–02 of the United States District Court for the Southern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

### B. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a), made applicable to adversary proceedings through Bankruptcy Rule 7056, sets forth the standard to address the parties' filings. It states, in part, that a court must grant summary judgment to the moving party if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.

In order to prevail, the movant, if bearing the burden of persuasion at trial, must establish all elements of its claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the burden is on the nonmovant at trial, the movant must: 1) submit affirmative evidence that negates an essential element of the nonmovant's claim or 2) demonstrate to the court that the nonmovant's evidence is insufficient to establish an essential element of the nonmovant's claim. *Id.* at 331–32, 106 S.Ct. 2548. Thereafter, the nonmovant "must come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita,* 475 U.S. at 587–88, 106 S.Ct. 1348.

### C. Legal Analysis

#### 1. *Rooker–Feldman* Doctrine

Fifth Third has asserted that the *Rooker–Feldman* doctrine bars this court from exercising jurisdiction in this proceeding. Fifth Third maintains that, in granting the foreclosure decree, the State Court found that Fifth Third has a valid first mortgage lien on the Property. Fifth Third contends *Rooker–Feldman* bars this court from reconsidering that determination and that the Trustee and the Durhams are bound by the State Court's decision. The Trustee and the Durhams respond that the doctrine does not apply because the State Court's finding that the Mortgage is effective or enforceable against the Durhams does not preclude this court from deciding that the Trustee's hypothetical judgment lien enjoys priority over Fifth Third's unrecorded mortgage. Because the *Rooker–Feldman* doctrine affects the subject matter jurisdiction of this court, this court will consider it as a preliminary matter before addressing the merits of the parties' other arguments.

 Based on two United States Supreme Court decisions, *see District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the *Rooker–Feldman* doctrine precludes lower federal courts from engaging in what amounts to an appellate review of state court proceedings. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283–84, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Among the claims which federal courts cannot adjudicate under *Rooker–Feldman* are claims that a

granting its motion and dismissing the Dur-

hams as co-plaintiffs.

state court judgment was unconstitutional or violated federal law. *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006).

█ In response to the gradual expansion of the scope of the doctrine's application by the lower courts around the country, *see Coles v. Granville*, 448 F.3d 853, 857 (6th Cir.2006), the Supreme Court in the *Exxon* decision clarified and limited the scope of the *Rooker–Feldman* doctrine and held that the *Rooker–Feldman* doctrine was confined to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284, 125 S.Ct. 1517. The court made clear that the doctrine does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293, 125 S.Ct. 1517.

█ In the wake of *Exxon*, the Sixth Circuit has made clear that the pertinent inquiry after *Exxon* is whether the "source of the injury" upon which a federal plaintiff bases his federal claim is the state court judgment. "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006).

█ The Sixth Circuit also repudiated the "inextricably intertwined" test used by the lower courts prior to the *Exxon Mobil* decision, finding that standard was no longer viable.

To the extent that Defendants argue that these claims, even though they do not assert injury from the state court judgments, are "inextricably intertwined" with those judgments so as to fall within the reach of *Rooker–Feldman*, that argument must fail. We first note that it was this exact language that was the source of the pre-*Exxon Mobil* woes as to the application of *Rooker–Feldman*. In addition, the Supreme Court used the phrase "inextricably intertwined" in *Feldman* to describe a claim where the plaintiff asserted an injury from the state court judgment itself[.] ... In *Exxon*, the Supreme Court implicitly repudiated the circuits' post-*Feldman* use of the phrase "inextricably intertwined" to extend *Rooker–Feldman* to situations [where] the source of the injury was not the state court judgment. *In short, the phrase "inextricably intertwined" only describes the conclusion that a claim asserts an injury whose source is the state court judgment, a claim that is thus barred by Rooker–Feldman.*

*McCormick*, 451 F.3d at 394–95 (emphasis added). Thus, federal jurisdiction is proper if a federal plaintiff presents an independent claim, "albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Id.* (quoting *GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)). While the *Rooker–Feldman* doctrine generally does not affect suits by or against persons who are not parties to the state court judgment, the doctrine may apply to non-parties who are in privity with the state court parties in narrowly defined circumstances. *McCormick*, 451 F.3d at 396; *In re Raleigh v. Haskell (In re Haskell)*, 1998 WL 809520, at *4 (Bankr.N.D.Ill. Nov. 19, 1998). A nonpar-

ty is in privity with a party, when the party adequately represents the nonparty's legal interest in the first proceeding. *Id.* It is the identity of interests that controls in determining privity, not the nominal identity of the parties. *Id.; Baldi v. Royal (In re Royal),* 289 B.R. 913, 919 (Bankr.N.D.Ill.2003) (quoting *Haskell,* 1998 WL 809520, at *4); *see also Bozich v. Mattschull (In re Chinin USA, Inc.),* 327 B.R. 325, 333, n. 8 (Bankr.N.D.Ill. 2005); *Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 705–06 (6th Cir.1999).

## 2. Application of the *Rooker–Feldman* Doctrine to this Case

■ The application of the *Rooker–Feldman* doctrine to this case therefore turns on whether the source of the injury claimed by the Trustee is the foreclosure judgment, which would prevent this court from hearing the Trustee's claim, or whether the Trustee has presented an independent claim reviewable by this court. If the former, before declining to exercise jurisdiction, this court will also have to determine whether the Trustee can be considered to be in privity with the Durhams in connection with the State Court foreclosure proceedings so as to be bound by those proceedings. Because this court finds that the Trustee has presented an independent claim and that even if he had not, the Trustee cannot be considered to be in privity with the Durhams with respect to the State Court proceedings, the *Rooker–Feldman* doctrine does not bar this court from hearing the Trustee's claim.

■ In the Complaint, the Trustee alleges that Fifth Third does not have a perfected lien because the Mortgage was never recorded as required by Ohio Revised Code § 5301.23 and the affidavit Fifth Third filed pursuant to Ohio Revised Code § 5301.252 did not create any inter-

est in the Property or encumbrance on the title. The Trustee does not allege that he was "injured" by the foreclosure judgment itself. Rather, he alleges that Fifth Third's actions in not recording the Mortgage "injured" him pursuant to his power under 11 U.S.C. § 544(a)(1). Under the Sixth Circuit's post *Exxon* standard, the *Rooker–Feldman* doctrine does not bar this court from exercising jurisdiction over the Trustee's claim even if it implies denying the legal conclusion reached by the state court. *See McCormick,* 451 F.3d at 393; *Brown v. First Nationwide Mortg. Corp.,* 206 Fed.Appx. 436, 439 (6th Cir. 2006). Thus, the Trustee has presented an independent claim. Moreover, even if this court concluded that the source of the injury claimed by the Trustee in this court was in fact the foreclosure judgment, the court finds that the Trustee was not in privity with the Durhams in the foreclosure proceeding so as to bind him to the foreclosure judgment. A bankruptcy trustee is a representative of all creditors of the bankruptcy estate and not merely a successor in interest to a debtor. *Fordu,* 201 F.3d at 705 (citing *Marlow v. Rollins Cotton Co. (In re Julien Co.),* 146 F.3d 420, 423 (6th Cir.1998)). *See also XL Sports, Ltd. v. Lawler,* 49 Fed.Appx. 13, 24 (6th Cir.2002); *In re Neal,* 478 B.R. 261, 271 (6th Cir. BAP 2012). In the foreclosure proceeding, the Durhams' creditors were clearly not the real parties in interest. Further, the Durhams' interests were not aligned with those of all of their creditors since, even though unenforceable against third parties, the unrecorded Mortgage would still have been enforceable against the Durhams. *See Boberschmidt v. Society Nat'l Bank (In re Jones),* 226 F.3d 917, 920 (7th Cir.2000). Accordingly, the Trustee is not in privity with the Durhams with respect to the foreclosure proceeding.

For all of these reasons, the court concludes as a matter of law that the *Rooker–Feldman* doctrine has no effect on this court's exercise of subject matter jurisdiction to determine whether the Trustee's hypothetical judgment lien has priority over the Mortgage.

### 3. Lis Pendens

■■■ The Trustee does not contest that the requirements of *lis pendens* have been met and that he could not avoid the Mortgage pursuant to his powers as a bona fide purchaser of real property under § 544(a)(3). The Bankruptcy Appellate Panel for this Circuit recognized that "[t]here is nothing in [Ohio Revised Code § 2703.26] to prevent it providing constructive notice to third parties, such as the Chapter 7 trustee, who acquire an interest in property that is already subject to a foreclosure action." *Treinish v. Norwest Bank Minnesota, N.A. (In re Periandri)*, 266 B.R. 651, 658 (6th Cir. BAP 2001). The Trustee's constructive knowledge would therefore be sufficient to thwart the Trustee's accession to the status of a bona fide purchaser. *Id.*

### 4. Trustee's Arguments in Support of Summary Judgment

The Trustee argues that *lis pendens* and the notion of constructive knowledge do not apply in actions in which he is proceeding as a hypothetical lien creditor under 11 U.S.C. § 544(a)(1). He contends that because it was never recorded, the Mortgage was never perfected. The Trustee further claims that the filing of the Affidavit on Facts as to Lost Mortgage by Fifth Third pursuant to Ohio Revised Code § 5301.252 could not as a matter of law have cured the fact that the Mortgage was not recorded or changed the fact it was unperfected.

Conversely, in his view, he became a perfected hypothetical lien holder as of the date of filing of the Durhams' Chapter 13 petition enabling him to prevail over Fifth Third's unperfected security interest.

■■■ The Trustee relies in part on Ohio Revised Code § 1309.317 [2] for his argument that Fifth Third holds only an unperfected security interest that is subordinate to the rights of a subsequent lien creditor. Fifth Third notes that § 1309.317 is contained in Ohio's version of Article 9 of the Uniform Commercial Code and therefore applies only to personal property, and not real property. The Trustee failed to respond in his reply to Fifth Third's arguments concerning the application of § 1309.317 to the security interest created by the Mortgage and consequently appears to have abandoned this aspect of his argument. The court agrees with Fifth Third that the statute does not apply to mortgages (i.e. security interests in real estate). *See* Ohio Rev.Code § 1309.109(D)(11) (Article 9 of the Uniform Commercial Code does not apply to liens on real property, with limited exceptions which are not applicable to this case.).

The Trustee also relies on Judge Preston's decision in *Stubbins v. Wells Fargo Bank, N.A. (In re Gibson)*, 395 B.R. 49, 57 (Bankr.S.D.Ohio 2008), for his contention that neither Ohio law nor the Bankruptcy Code requires a judgment creditor to lack constructive notice of an unrecorded or defective lien in order to obtain a superior lien on a judgment debtor's property. Fifth Third responds that *Gibson* dealt, not with *lis pendens*, but with the issue of whether an affidavit on facts relating to title, filed together with a copy of an unre-

---

**2.** Ohio Revised Code § 1309.317 provides, *inter alia*, that a security interest or agricultural lien is subordinate to the rights of a person who becomes a lien creditor before the security interest or agricultural lien is perfected.

corded mortgage, created notice. Because of the importance the Trustee places on *Gibson,* the court will perform its own analysis.

### 5. The *Gibson* Holding Is Inapplicable Here

The issue determined in *Gibson* was whether the pre-bankruptcy filing of an "affidavit on facts relating to title" under Ohio Revised Code § 5301.252 with a copy of an unrecorded mortgage attached to it placed a bankruptcy trustee on constructive notice of the mortgage. The debtors executed a mortgage which was never recorded. The mortgagee later filed an Affidavit on Facts Relating to Title in the county recorder's office and attached a copy of the executed, but unrecorded mortgage. Subsequently the debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. No state court foreclosure action intervened between the execution of the mortgage by the debtors and the filing of their bankruptcy, or at least the decision does not mention a foreclosure action having been filed prior to the debtors' bankruptcy filing. The Chapter 7 bankruptcy trustee commenced an adversary proceeding to avoid the unrecorded mortgage pursuant to his powers as a hypothetical judicial lien creditor under § 544(a)(1).

Judge Preston held that the trustee, as a hypothetical lien creditor, could avoid the mortgage because under Ohio law his interest took priority over an unrecorded mortgage. *Gibson,* 395 B.R. at 54. In making this determination, she noted that the trustee was deemed to have perfected his interest as of the petition date and that in order to defeat the trustee's status, the creditor must therefore have possessed a perfected security interest before the bankruptcy petition was filed. *Id.* Judge Preston further noted that Ohio law would determine whether the mortgagee had perfected its security interest. *Id.*

Judge Preston then looked to the language of Ohio Revised Code § 5301.23 and determined that the act of recording is required to perfect the mortgage's security interest. *Id.* Because the mortgagee failed to record the mortgage, the court was left to determine to what extent, if any, the affidavit created an interest in the debtors' property. After examining several state appellate decisions, she concluded that the filing of the affidavit created no interest in the subject real property under Ohio law and that the facts contained therein were not conclusively established. *Id.* at 55–56. Judge Preston further held that attaching a copy of the executed mortgage to the affidavit did not change the fact that the executed mortgage was never recorded as required by § 5301.23 and that to hold otherwise would eviscerate the statute. *Id.* at 56. She thus concluded that the mortgagee was left with nothing more than an unrecorded mortgage which under her interpretation of Ohio law vests no interest in the property, either legal or equitable, as against subsequent purchasers or judgment creditors of the mortgagor. *Id.* at 56–57 (citing *Langmede v. Weaver,* 65 Ohio St. 17, 60 N.E. 992 (1901)).

Judge Preston also rejected the mortgagee's alternative argument that, although the filing of the affidavit was not a substitute for recording the mortgage, it created an equitable mortgage that was superior to the trustee's interest. *Id.* at 57. She found that under Ohio law equitable mortgage liens apply only to the parties involved in the transaction and have no effect on third parties. *Id.* She further noted equitable liens are disfavored under bankruptcy law and cannot survive attack by a Chapter 7 trustee because such liens, by definition, are unperfected. *Id.*

While *Gibson*, like this case, involved the filing of an affidavit on facts relating to title made pursuant to Ohio Revised Code § 5301.252 with a copy of the unrecorded mortgage attached, the similarities to this case end there. Of critical significance to this case is the fact that the question of *lis pendens* did not arise in *Gibson* and was not discussed by the court. The question in this case is not whether the affidavit on facts relating to title with the unrecorded mortgage attached placed the Trustee on constructive notice—the issue determined in *Gibson*—but rather, whether the filing of the state court foreclosure proceeding placed the Trustee on constructive notice of the Mortgage by virtue of the doctrine of *lis pendens*. Accordingly, *Gibson* does not apply to this case.

6. **The Court Finds No Basis to Differentiate Between a Bona Fide Purchaser for Value and a Judicial Lien Creditor as to *Lis Pendens* Serving as Constructive Notice of a Mortgage Lien**

Therefore, the remaining issue for this court to determine is whether there is a reason why a properly commenced Ohio mortgage foreclosure action would not serve as *lis pendens* notice to a § 544(a)(1) judicial lien holder with respect to the mortgage being foreclosed. The court concludes that there is no such reason and that under Ohio law, a properly commenced Ohio mortgage foreclosure action provides constructive notice of the mortgage to a judicial lien holder under the doctrine of *lis pendens*. Accordingly, under Ohio law a bankruptcy trustee standing in the shoes of a judicial lien

creditor has constructive notice of a mortgage when a foreclosure action has been properly commenced on the mortgage prior to the filing of the bankruptcy.

The Property that is the subject of the Mortgage is in Ohio and, therefore, Ohio law applies in determining the applicability of the *lis pendens* doctrine to the facts of this case. *See In re Michigan Lithographing Co.*, 997 F.2d 1158, 1159 (6th Cir.1993) (state law governs who may be a bona fide purchaser); and *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1027–28 (6th Cir.2001) (applying Ohio law to determine whether the bankruptcy trustee had constructive knowledge of the mortgage). Thus, although the Trustee's strong-arm powers under § 544(a) arise under federal law, it is state law that governs the scope of the strong-arm powers and the limits of those powers. *Midlantic Nat'l Bank v. Bridge (In re Bridge)* 18 F.3d 195 (3rd Cir.1994) (scope of trustee's strong-arm powers in relation to third parties is governed by substantive law of the state in which the property is located and trustee's avoidance powers do not supplant state law, but, rather, trustee's powers are defined by the applicable state law). *See also Robertson v. Peters (In re Weisman)*, 5 F.3d 417, 419–20 (9th Cir.1993); and *Waldschmidt v. Dennis (In re Muller)*, 185 B.R. 552, 554 (Bankr.M.D.Tenn.1995).

While there is case law on the issue of whether a bona fide purchaser under § 544(a)(3) is subject to constructive notice under the Ohio *lis pendens* doctrine,[3] the

---

**3.** *See Ransier v. Countrywide Home Loans, Inc. (In re Seymour)*, 442 B.R. 652 (Bankr. S.D.Ohio) (J. Preston) (holding *lis pendens* arising from the filing of a foreclosure action prior to the bankruptcy provided the trustee with constructive notice of the mortgage, barring the trustee's avoidance of the mortgage

as a bona fide purchaser for value under § 544(a)(3)). Although *Seymour* involved a Chapter 7 case with a Chapter 7 trustee, the result in a Chapter 13 case would be no different as the powers and limitations of a Chapter 7 trustee and Chapter 13 trustee for these purposes are the same. *See Pees v.*

court found no bankruptcy case law addressing this issue under Ohio law with respect to a judicial lien creditor under § 544(a)(1). However, there is applicable state law to guide the court on this issue.

▮▮▮ In Ohio, the doctrine of *lis pendens* has been codified and, therefore, the analysis of Ohio law must start with the statute. "When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of this action, as against the plaintiff's title." Ohio Revised Code § 2703.26. In order for *lis pendens* to apply, (1) the property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the *res;* and (3) the property or *res* involved must be sufficiently described in the pleadings. *Cook v. Mozer,* 108 Ohio St. 30, 140 N.E. 590, 592 (1923). Once properly invoked, the doctrine has the effect of constructive notice to all parties, including any bona fide purchaser or judicial lien holder acquiring an interest in property already subject to the lawsuit. *See Allen–Baker v. Shiffler,* 99 Ohio Misc.2d 49, 715 N.E.2d 1185, 1188–89 (1998).

▮▮▮ Ohio Revised Code § 2703.26 has been held to prevent all third parties, not just subsequent bona fide purchasers, from acquiring an interest in the subject real estate during the pendency of a foreclosure action. *See Bates v. Postulate Investments, L.L.C.,* 176 Ohio App.3d 523, 892 N.E.2d 937, 940 (2008). "The doctrine is applicable to judgment lien creditors, and properly so, as the lien of the judgment attaches only to the right or title which the debtor had at the time of its rendition, and the position of the creditor is not more meritorious than that of a mortgagee or bona fide purchaser." *Kral Builders Supply, Inc. v. Gerl,* 27 Ohio App.3d 353, 501 N.E.2d 101, 104 (1986) (*citing Coe v. Columbus, Piqua & Indiana RR Co.,* 10 Ohio St. 372 (1859)). Thus, under Ohio Revised Code § 2703.26, a pending foreclosure action provides constructive knowledge to any judicial lienholder acquiring an interest in the property being foreclosed, and the interests of such a lienholder will be conditioned upon, and may be extinguished by, the outcome of the foreclosure action. *See Allen–Baker,* 715 N.E.2d at 1188–89. Moreover, *lis pendens* applies regardless of any failure under the recording statutes. *See ABN AMRO Mtg. Gp. v. Jackson,* 159 Ohio App.3d 551, 824 N.E.2d 600, 605 (2005). Thus, under Ohio law, a party who becomes a judicial lien creditor subsequent to the filing of a mortgage foreclosure action has constructive notice of the mortgage that is the subject of the foreclosure action.[4]

Accordingly, since: 1) a bankruptcy trustee's powers as a hypothetical judicial

---

*Countrywide Home Loans (In re Frost),* 384 B.R. 781, 786 (Bankr.S.D.Ohio 2008) (J. Preston) (Under Ohio's *lis pendens* statute a Chapter 13 trustee had constructive knowledge and therefore was not entitled as a hypothetical bona fide purchaser to avoid an allegedly defective mortgage.).

**4.** This conclusion that *lis pendens* would apply to judicial lien holders as well as bona fide purchasers is logical. Bona fide purchasers for value of property have an expectation that real property which they are purchasing is

free from liens and encumbrances, but by law are put on notice of certain liens and encumbrances of record in public records. A creditor who obtains a lien against real property owned by a debtor as the result of a certificate of judgment duly filed in the county where the real estate is located would have no greater, and arguably less, of an interest in the real property than a bona fide purchaser of that property and, therefore, should not be treated with greater favor than a bona purchaser for value.

lien creditor only arise upon the filing of the bankruptcy case; and are no greater than those of an actual judicial lien creditor; 2) an actual judicial lien creditor in Ohio receives constructive notice of a mortgage through an intervening mortgage foreclosure action under the *lis pendens* doctrine; and 3) the State Court foreclosure action was filed prior to the commencement of this case and the Trustee does not dispute that the elements of *lis pendens* were met through the foreclosure action, the intervening foreclosure action provides the Trustee with constructive notice of the Mortgage under the Ohio *lis pendens* doctrine and the Trustee cannot avoid the Mortgage as a hypothetical judicial lien creditor.

## V. Conclusion

For the foregoing reasons, the court concludes that, although there are no genuine issues of material fact, the Trustee has not shown that he is entitled to judgment as a matter of law. Accordingly, the *Motion for Summary Judgment* (doc. 23) is denied. The court will contemporaneously enter an order consistent with this decision.

**IT IS SO ORDERED.**