RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18b0001p.06

# BANKRUPTCY APPELLATE PANEL

OF THE SIXTH CIRCUIT

IN RE: JERRY WAYNE OAKES; JENNIFER ANN OAKES,

*Debtors*.

DONALD F. HARKER, Trustee,

*Plaintiff-Appellee*,

*v.*

PNC MORTGAGE COMPANY,

*Defendant-Appellant*.

No. 17-8005

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio at Dayton.
No. 13-33828—Lawrence S. Walter, Judge.

Argued: November 14, 2017

Decided and Filed: February 6, 2018

Before: HARRISON, OPPERMAN, and WISE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Amelia A. Bower, PLUNKETT COONEY, Columbus, Ohio, for Appellant. Dianne F. Marx, RIESER & MARX LLC, Dayton, Ohio, for Appellee. **ON BRIEF:** Amelia A. Bower, PLUNKETT COONEY, Columbus, Ohio, for Appellant. Dianne F. Marx, John Paul Rieser, RIESER & MARX LLC, Dayton, Ohio, for Appellee.

—————————

# OPINION

—————————

## OVERVIEW

DANIEL S. OPPERMAN, Chief Bankruptcy Appellate Panel Judge.  PNC Mortgage Company ("PNC") requests that this Panel hold that the Chapter 7 Trustee, Donald F. Harker ("Trustee"), cannot avoid its mortgage under 11 U.S.C. § 541(a)(1) as a hypothetical lien creditor.  PNC argues that the Ohio Supreme Court addressed similar issues regarding a trustee's avoidance powers as a bona fide purchaser, and the Ohio Legislature subsequently amended its statutes to limit a trustee's avoidance powers.  The Panel granted leave to appeal to resolve a split in the Ohio bankruptcy courts.  Because the Panel finds that the Ohio Supreme Court did not address the Trustee's avoidance powers as a hypothetical judicial lien creditor, and the Ohio Legislature did not make its amendments retroactive, we affirm the bankruptcy court's order denying PNC's motion for judgment on the pleadings.

## STATEMENT OF ISSUES

The issue on appeal is whether the bankruptcy court erred in denying PNC's Motion to Dismiss and/or For Judgment on the Pleadings and failed to properly apply Ohio Revised Code § 1301.401 and the Ohio Supreme Court decision in *In re Messer*, 50 N.E.3d 495 (Ohio 2016), to a trustee's powers under 11 U.S.C. § 544(a)(1).  Resolution of this appeal requires the Panel to answer two questions:

1.  Are the Trustee's avoidance powers as a hypothetical judicial lien creditor pursuant to § 544(a)(1) limited due to the constructive notice provision of Ohio Revised Code § 1301.401 and the Ohio Supreme Court's interpretation of that statute in *In re Messer*?

2.  Does Ohio Revised Code § 5301.07 (effective April 6, 2017) apply retroactively to limit the Trustee's avoidance powers as a hypothetical judicial lien creditor in the present case?

**JURISDICTION AND STANDARD OF REVIEW**

On March 30, 2017, the Panel granted leave to appeal finding that the appeal involved a question of law to which there was disagreement and which was controlling as to the outcome of the case. An order deciding that the Trustee has strong arm powers under § 544(a)(1) renders a legal determination reviewed de novo. *Simon v. Chase Manhattan Bank* (*In re Zaptocky*), 250 F.3d 1020, 1023 (6th Cir. 2001) (citing *Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 696 n.1 (6th Cir. 1999) ("We review the bankruptcy court's legal holdings de novo and its factual determinations for clear error.")).

**FACTS**

Jerry and Jennifer Oakes ("Debtors") filed a Chapter 7 bankruptcy petition on September 17, 2013. They included their interest in real property located in Franklin, Ohio, on Schedule A. Schedule D indicated three mortgages against the property; PNC held the first two. The home was "underwater."

On January 28, 2014, the Trustee filed a Complaint to initiate an adversary proceeding to avoid PNC's alleged first mortgage. The Trustee asserted that the mortgage was avoidable under 11 U.S.C. §§ 544(a)(1) and 544(a)(3) and Ohio law. Shortly after filing an Answer, PNC moved to dismiss the case. The bankruptcy court then entered an agreed order that stayed the adversary proceeding pending resolution of two questions of law that the United States Bankruptcy Court for the Southern District of Ohio had certified to the Ohio Supreme Court in another matter:

1. Does O.R.C. § 1301.401 apply to all recorded mortgages in Ohio?
2. Does O.R.C. § 1301.401 act to provide constructive notice to the world of a recorded mortgage that was deficiently executed under O.R.C. § 5301.01?

*In re Messer*, 50 N.E.3d 495, 496 (Ohio 2016). Ultimately, the Ohio Supreme Court answered both questions in the affirmative. *Id.* at 499.

After the Ohio Supreme Court issued its *Messer* opinion, the Trustee filed an Amended Complaint on July 8, 2016, and PNC filed an Answer and another Motion to Dismiss or for Judgment on the Pleadings the following month. Although the parties agreed that the acknowledgement clause in the mortgage was defective and did not substantially comply with

the requirements of Ohio Revised Code § 5301.01, PNC asserted that Ohio Revised Code § 1301.401 vitiates the Trustee's power to avoid recorded mortgages based on defects in their execution as either a hypothetical bona fide purchaser under 11 U.S.C. § 544(a)(3) or hypothetical judicial lien creditor under 11 U.S.C. § 544(a)(1).

On February 16, 2017, the bankruptcy court entered its opinion and order denying the Motion to Dismiss. The bankruptcy court held that

> [w]hile Ohio Rev. Code § 1301.401 deems the recording of a defectively executed mortgage to provide constructive notice, such notice does not affect the priority of liens involving a defectively executed mortgage. As such, the Trustee retains the power to avoid PNC's defectively executed mortgage as a judicial lien creditor pursuant to § 544(a)(1).

*Harker v. PNC Mortgage Co.* (*In re Oakes*), 565 B.R. 616, 618 (Bankr. S.D. Ohio 2017). PNC timely filed both a notice of appeal and a motion for leave to appeal. The Panel granted leave to appeal the bankruptcy court's interlocutory order.

## DISCUSSION

**I.      The Constructive Notice Provision Of Ohio Revised Code § 1301.401 Does Not Defeat The Trustee's Powers As A Hypothetical Judicial Lien Creditor.**

A.      The Trustee has Avoidance Powers under Section 544 of the Bankruptcy Code.

The Bankruptcy Code gives trustees certain rights and powers to avoid transfers of property of a debtor:

> **(a)** The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
>
>     **(1)** a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
>     . . . .
>
>     **(3)** a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544. State law determines the extent of those rights and powers. *Treinish v. Norwest Bank, MN, N.A.* (*In re Periandri*), 266 B.R. 651, 655 (B.A.P. 6th Cir. 2001). Pursuant to 11 U.S.C. § 544(a)(1), a bankruptcy trustee has the status of a hypothetical judicial lien creditor who is deemed to have perfected his interest as of the date of the filing of the bankruptcy petition and has the power to avoid transfers of property that could be avoided by such a creditor. *Palmer v. Washington Mut. Bank* (*In re Ritchie*), 416 B.R. 638, 643 (B.A.P. 6th Cir. 2009); *Rogan v. Bank One, N.A.* (*In re Cook*), 457 F.3d 561, 564 (6th Cir. 2006).

> "One of these powers is the ability to take priority over or 'avoid' security interests that are unperfected under applicable state law [.]" *Neilson v. Chang* (*In re First T.D. & Inv., Inc.*), 253 F.3d 520, 526 (9th Cir. 2001) (citation omitted). Under § 544(a)(1), if a lien against the debtor's property was improperly perfected, or not perfected at all, before the bankruptcy petition was filed, the trustee may take priority. *Drown v. Perfect* (*In re Giaimo*), 440 B.R. 761, 765 (6th Cir. BAP 2010).

*Rogan v. Litton Loan Serv., L.P.* (*In re Collins*), 456 B.R. 284, 293 (B.A.P. 6th Cir. 2011). "Accordingly, the trustee can prevail only if, under Ohio law, a person with the status described in § 544(a)(1), (2), or (3) as of the commencement of the case could avoid [the mortgagee's] interest in the Debtors' property under the mortgage." *Periandri*, 266 B.R. at 655 (quoting *Simon v. Chase Manhattan Bank* (*In re Zaptocky*),[1] 232 B.R. 76, 79–80 (B.A.P. 6th Cir. 1999)) (alteration in original).

> B.  Bankruptcy Trustees in Ohio Avoided Defective Mortgages under § 544(a)(3) and Ohio Law as Bona Fide Purchasers Prior to the Enactment of Ohio Revised Code § 1301.401, which Narrowed Trustees' Strong Arm Powers under Ohio Law.

In the present case, the bankruptcy court properly noted: "Prior to the enactment of Ohio Rev. Code § 1301.401, bankruptcy trustees routinely avoided defectively executed mortgages on real property located in Ohio using their ability to obtain the status of a hypothetical bona fide purchaser without actual notice (meaning only constructive notice matters in the bankruptcy context)." *Oakes*, 565 B.R. at 621 (citing *Rhiel v. Central Mortg. Co.* (*In re Kebe*), 469 B.R. 778 (Bankr. S.D. Ohio 2012); *Rhiel v. Huntington Nat'l Bank* (*In re Phalen*), 445 B.R. 830 (Bankr.

---

[1]Although the ruling in *Zaptocky* was effectively superseded by statute, *see Ransier v. Standard Fed. Bank* (*In re Collins*), 292 B.R. 842, 846-847 (Bankr. S.D. Ohio 2003), the legal principles for purposes of this decision are sound.

S.D. Ohio 2011); *Noland v. Burns* (*In re Burns*)*,* 435 B.R. 503 (Bankr. S.D. Ohio 2010)). The Bankruptcy Court correctly articulated the basis for avoidance:

> A trustee's ability to avoid defectively executed mortgages arose from a combination of Ohio statutory and case law to the effect that defectively executed mortgages were not entitled to be recorded, derived no efficacy from being placed on record and, as such, the recording did not provide constructive notice to subsequent purchasers.

*Id.* (citing Ohio Rev. Code § 5301.25; *In re Nowak,* 820 N.E.2d 335, 338 (Ohio 2004); *Citizens Nat'l Bank v. Denison*, 133 N.E.2d 329, 332–33 (Ohio 1956); *Mortgage Elec. Regis. Sys. v. Odita,* 822 N.E.2d 821, 825–26 (Ohio Ct. App. 2004)).

Recently, however, the Ohio legislature enacted new legislation designed to protect mortgage holders. Ohio Revised Code § 1301.401, effective March 27, 2013, provides:

> (A) For purposes of this section, "public record" means either of the following:
>    (1) Any document described or referred to in section 317.08 of the Revised Code;
>    (2) Any document the filing or recording of which is required or allowed under any provision of Chapter 1309. of the Revised Code.
> (B) The recording with any county recorder of any document described in division (A)(1) of this section or the filing or recording with the secretary of state of any document described in division (A)(2) of this section shall be constructive notice to the whole world of the existence and contents of either document as a public record and of any transaction referred to in that public record, including, but not limited to, any transfer, conveyance, or assignment reflected in that record.
> (C) Any person contesting the validity or effectiveness of any transaction referred to in a public record is considered to have discovered that public record and any transaction referred to in the record as of the time that the record was first filed with the secretary of state or tendered to a county recorder for recording.

Ohio Rev. Code § 1301.401.

Shortly after this section was enacted, mortgagees in Ohio began to challenge bankruptcy trustees' strong arm powers under 11 U.S.C. § 544(a)(3). The mortgagees argued that even a defectively executed mortgage provided constructive notice to the trustee under Ohio law, therefore eliminating a trustee's ability to claim the status of a bona fide purchaser ("BFP"). Trustees responded that Ohio Revised Code § 1301.401 only applied to transactions governed by

the Uniform Commercial Code and not to mortgages.  Faced with these arguments, as noted above, the bankruptcy court in *Messer v. JP Morgan Chase Bank, NA* (*In re Messer*), 555 B.R. 656 (Bankr. S.D. Ohio 2016), sought clarity on Ohio law from the Ohio Supreme Court.  In response, the Ohio Supreme Court held that the act of recording a mortgage provides constructive notice to the world of the existence of the mortgage and its contents even if the mortgage is defectively executed.  *Messer*, 50 N.E.3d at 498–99.  Thus, the bankruptcy court held—and the parties herein agree—that bankruptcy trustees may no longer avoid mortgages as a BFP under Ohio law when the defective mortgage was recorded.

> C.    The Bankruptcy Court Rejected PNC's Argument that the Ohio Supreme Court's Decision in *Messer* Precludes Trustees in Ohio from Avoiding Defective Mortgages as Hypothetical Judicial Lien Creditors under § 544(a)(1).

In the present case, relying on the Ohio Supreme Court's *Messer* decision, PNC argued to the bankruptcy court that Ohio Revised Code § 1301.401 also prohibited the Trustee from asserting the status of a judicial lien creditor pursuant to 11 U.S.C. § 544(a)(1).  The bankruptcy court rejected that argument, explaining that "a review of Ohio case law demonstrates that notice of a prior recorded but defectively executed mortgage has no impact on the lien priority dispute." *Oakes,* 565 B.R. at 624.  The court reasoned, "judicial precedent has developed holding that a defectively executed mortgage derives no efficacy from being recorded and is not valid against a subsequent properly executed and recorded lien *even if the subsequent lienholder has notice.*" *Id.* (emphasis in original, citations omitted).  The court concluded:

> While notice (or a lack thereof) is imperative to obtaining bona fide purchaser status, notice is irrelevant to prioritizing a defectively executed mortgage with other liens.  Instead, the important factor in the lien priority dispute is determining which lien is the first in time that strictly adhered to recording statutes. The rationale for treating lien priorities in this manner appears to be a public policy favoring those who comply with the recording statutes over those who do not.  The earliest explanation of this rationale comes from a Supreme Court of Ohio case decided in 1847 which gave priority to subsequent filed judgment liens over a defectively executed first mortgage:
>
>> We can not aid him in correcting the error, which a little care would have prevented, by thrusting aside those who have equal equity, and the better legal claim. The complainant can not be preferred to the judgment creditors, without establishing a precedent that will in effect give more efficacy, in a numerous

> class of cases, to a negligently executed and defective mortgage, than to one in all respects executed in compliance with the law.

*White v. Denman*, 16 Ohio 59, 61 (1847).

> The court cannot ignore a century of Ohio case law that has grown out of this policy consistently holding that a subsequent properly perfected lien takes priority over a defectively executed but recorded mortgage despite either actual or constructive notice.

*Oakes*, 565 B.R. at 625–26 (footnote omitted). The bankruptcy court acknowledged that it reached a different result than the bankruptcy court handed down in *Messer* after the Ohio Supreme Court issued its decision:

> Following the decision of the Ohio Supreme Court in *Messer*, the parties in that case returned to the bankruptcy court for a status hearing. The plaintiffs argued that although *Messer* precluded their claim as hypothetical bona fide purchasers under § 544(a)(3), it did not affect their claim under § 544(a)(1) as hypothetical judgment lien creditors, the same issue now before this court. In a limited decision without citation to Ohio case law, the bankruptcy court concluded that "[w]hether one claims the status of a hypothetical judgment lien creditor or a bona fide purchaser, constructive notice under state law precludes avoidance through Section 544 of the Code." *Messer v. JPMorgan Chase Bank, NA* (*In re Messer*), 555 B.R. 656, 659 (Bankr. S.D. Ohio 2016). Because the fundamental purpose of recording statutes is to provide notice to third parties, this is not an illogical conclusion. *See* [*GMAC Mortg. Corp. v.*] *McElroy*, 2005 WL 1364580 at *3 [Ohio Ct. App. 2005] ("The purpose of the recording statutes is to put other lien holders on notice and to prioritize the liens[.]"). It is also logical to suppose there is no reason to treat lien creditors more favorably than bona fide purchasers for value. *See Kellner v. Fifth Third Bank* (*In re Durham*), 493 B.R. 506, 516 n.4 (Bankr. S.D. Ohio 2013). Nevertheless, this court must respectfully disagree. As discussed in this decision, a long line of Ohio case law and subtle distinctions in the recording statutes compel a different result.

*Id.*, 565 B.R. at 626 n.4. PNC appeals this ruling, asking the Panel to follow the bankruptcy court's decision in *Messer* with regard to the Trustee's rights as a hypothetical judicial lien creditor.

> D.      Ohio Revised Code § 1301.401 Does Not Prevent the Trustee from Avoiding Defective Mortgages as a Hypothetical Judicial Lien Creditor under § 544(a)(1).

The bankruptcy court in the present case reached the correct result. Ohio Revised Code § 1301.401 addresses constructive notice. It does not address whether a defective mortgage is

entitled to be recorded or afforded priority over subsequent properly perfected liens. Contrary to the *Messer* bankruptcy court's holding, judicial lien creditors are different than BFPs. *Stubbins v. Wells Fargo Bank, N.A.* (*In re Gibson*), 395 B.R. 49, 57 (Bankr. S.D. Ohio 2008) ("Neither the Bankruptcy Code nor Ohio law requires that a judgment creditor have the same attributes of a bona fide purchaser as it pertains to notice of a prior interest; neither requires a judgment creditor to lack notice of an unrecorded or defective lien in order to obtain a superior lien on a judgment debtor's property.").

PNC's argument that Ohio Revised Code § 1301.401 defeats the Trustee's status as a hypothetical judicial lien creditor because a judicial lien creditor is always subordinate to a BFP fails. A person's very status as a BFP presumes that they have taken their interest for value without notice of any prior interests. *See*, *e.g.*, *Bank of N.Y. v. Sheeley* (*In re Sheeley*), Case No. 08-32316, Adv. No. 11-3028, 2012 Bankr. LEXIS 1374, at *22 (Bankr. S.D. Ohio April 2, 2012) ("Under Ohio law, a bona fide purchaser is defined as one who takes in good faith, for value, and without actual or constructive notice of any defect." (citations omitted)). If a properly perfected judicial lien existed, a subsequent party could not obtain BFP status. The fact that the Trustee cannot obtain BFP status due to the constructive notice provision of Ohio Revised Code § 1301.401 does not defeat his ability to step into the shoes of a hypothetical judicial lien creditor.

PNC's reliance on *Kellner v. Fifth Third Bank* (*In Durham*), 493 B.R. 506 (Bankr. S.D. Ohio 2013), is misplaced. In *Durham*, the Chapter 13 trustee sought to avoid a bank's unrecorded mortgage on certain real property as a hypothetical judicial lienholder under 11 U.S.C. § 544(a)(1). The bank had filed a state court foreclosure action and obtained a decree of foreclosure before the debtors filed their bankruptcy petition. As a result, the bankruptcy court agreed with the bank's argument that Ohio's codified doctrine of *lis pendens*, found at Ohio Revised Code § 2703.26, barred the trustee from avoiding the mortgage as a hypothetical judgment lien creditor. That statute provides: "When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. *While pending, no interest can be acquired by third persons in the subject of this action, as against the plaintiff's title.*" Ohio Rev. Code § 2703.26 (emphasis added). The bankruptcy court explained: "Ohio Revised Code

§ 2703.26 has been held to prevent all third parties, not just subsequent bona fide purchasers, from acquiring an interest in the subject real estate during the pendency of a foreclosure action." *Durham*, 493 B.R. at 516 (citing *Bates v. Postulate Investments, L.L.C.*, 892 N.E.2d 937, 940 (Ohio Ct. App. 2008)). The *Durham* court thus distinguished *Gibson* because *Durham* involved the *lis pendens* doctrine and *Gibson* did not.

The present case is not a *lis pendens* case, and *Durham* is inapplicable. *Durham* does not eliminate the basic rule stated in *Gibson* that, under Ohio law, an unrecorded mortgage does not take priority over the trustee as a hypothetical judicial lien creditor. "Under Ohio law, a defectively-executed mortgage is not entitled to record and is not binding as to a trustee in bankruptcy in his capacity as a hypothetical lien creditor/bona fide purchaser." *Logan v. Kingston Nat'l Bank* (*In re Floater Vehicle, Inc.*), 105 B.R. 420, 421 (Bankr. S.D. Ohio 1989); *see also Mortg. Elec. Registration Sys. v. Odita*, 822 N.E.2d 821, 825 (Ohio Ct. App. 2004) ("A defectively executed mortgage is not entitled to record, and even if it is recorded, the defective mortgage is treated as though it has not been recorded."); *Gibson*, 395 B.R. at 54 ("The Trustee can avoid Wells Fargo's interest in the Debtors' real property because as a hypothetical lien creditor his interest takes priority over an unrecorded mortgage under Ohio law.").

For the reasons stated, the Panel holds that, pursuant to applicable Ohio law at the time the case was filed, the Trustee in his role as a hypothetical judicial lien creditor takes priority over PNC's defective mortgage. Thus, the Trustee may avoid the mortgage pursuant to 11 U.S.C. § 544(a)(1).

## II. Newly Amended Ohio Revised Code § 5301.07 Does Not Apply Retroactively To This Case.

The bankruptcy court also acknowledged that subsequently enacted Ohio legislation might make its holding irrelevant in future cases.

> The court would be remiss if it did not mention new legislation that may limit the significance of this holding and further suggests that the Ohio General Assembly has recognized the need for additional statutory provisions in order to change lien priorities involving defectively executed mortgages. Wholly revised language in Ohio Rev. Code § 5301.07, effective April 6, 2017, appears poised to alter the lien priority analysis discussed in this decision. Because revised Ohio Rev. Code

§ 5301.07 is not yet in effect, the court will refrain from discussing its potential impact leaving that for future determination.

*Oakes*, 565 B.R. at 626–27 (footnote omitted). The new statutory language of Ohio Revised Code § 5301.07, effective April 6, 2017, provides, in pertinent part:

(G) This section shall be given retroactive effect to the fullest extent permitted under Section 28 of Article II, Ohio Constitution. This section shall not be given retroactive effect if to do so would affect any accrued substantive right or vested rights in any person or in any real property instrument.

Debtors' bankruptcy petition was filed prior to the effective date of revised § 5301.07.

The bankruptcy court correctly held that the newly enacted language does not apply retroactively. Under 11 U.S.C. § 544(a)(1), a bankruptcy trustee "steps into the shoes" of a hypothetical judicial lien creditor that perfected its lien as of the date of the filing of the petition. Thus, the Trustee accrued his rights prior to the enactment date of the newly revised § 5301.07 and, pursuant to subsection (G), the statute cannot be applied retroactively. *See Kovacs v. First Union Home Equity Bank* (*In re Huffman*), 408 F.3d 290, 294 (6th Cir. 2005) ("the amended statute [Ohio Revised Code § 5301.01], though retroactive by its terms, cannot be applied retroactively to impair the trustee's vested rights."); *Baumgart v. Potts* (*In re Potts*), 353 B.R. 874, 884 (Bankr. N.D. Ohio 2006) ("[T]he version of § 5301.01 in effect when a debtor's petition for relief is filed controls the law governing whether the trustee can avoid a defective mortgage under § 544(a)(3) because that is when a trustee's rights as a bona fide purchaser vest."); *Buzulencia v. TMS Mortg. Inc.* (*In re Baker*), 300 B.R. 298, 308 (Bankr. N.D. Ohio 2003) (same). *See also Select Portfolio Servs., Inc. v. Burden* (*In re Trujillo*), 378 B.R. 526 (B.A.P. 6th Cir. 2007) (similar analysis under Kentucky law).

**CONCLUSION**

The bankruptcy court's order denying PNC's motion for judgment on the pleadings is AFFIRMED.