**IN RE: Stephen K. RAGLAND, Debtor.**

**Case No. 12–50001**

United States Bankruptcy Court,
S.D. Ohio, Eastern Division.

Signed 01/08/2016

Robert R. Goldstein, Columbus, OH, for Debtor.

### MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S AMENDED MOTION TO MODIFY CHAPTER 13 PLAN (DOC. NO. 87)

Caldwell, Judge

On April 8, 2015, Stephen K. Ragland (Debtor) filed a Motion to Modify his Second Amended Chapter 13 Plan (Plan), and he amended the Motion on July 1, 2015. The Debtor seeks to lower the dividend paid to unsecured creditors from 12% to 0.1%, premised upon an alleged drafting error listing him as "above median income". As a result, the Debtor is currently obligated to make plan payments for five years, rather than three. The Chapter 13 Trustee (Trustee) objects, arguing that the Confirmation Order binds the Debtor to its terms, and that it is now too late for entry of an amended order.

Based upon briefs and arguments of counsel, the Court denies the Motion. First, confirmation of a Chapter 13 plan under the United States Bankruptcy Code (Code) binds parties to all the terms and conditions, including debtors. Second, even assuming the Debtor could overcome this major hurdle, there are no changed circumstances to warrant modification. All we have are allegations of drafting errors in the Plan, prepared for and signed by the Debtor. Third, while such mistakes

might be curable, the Debtor and his Counsel failed to file a timely reconsideration motion. A brief history and the Court's findings of fact and conclusions of law follow.

On January 1, 2012, Debtor filed this Chapter 13 bankruptcy case. On January 17, 2012, the Debtor filed his first plan, which did not list him as "above median income". Rather, the Debtor inexplicably inserted an amount, "$2,300". On April 13, 2012, Debtor filed his First Amended Plan, which did list him as "above median income" in place of the cryptic, "$2,300". Finally, the Debtor proposed his Second Amended Chapter 13 Plan on April 19, 2012. Relevant terms include:

(1) the Debtor is listed as "above median income";

(2) the monthly payment is $1,195.00; and

(3) the dividend to unsecured creditors is 12%.

The Court confirmed the Plan on July 6, 2012, and aside from a brief suspension of Plan payments, the case proceeded smoothly for about two and a half years. On December 29, 2014, however, Don E. Fuller, the Debtor's original attorney, retired from the practice of law, and Robert R. Goldstein, Debtor's present counsel, replaced him. Then, on April 8, 2015, the Debtor, now represented by Mr. Goldstein, filed a Motion to Modify, and on July 1, 2015, filed an amendment to that Motion. At the hearing, the Court asked Mr. Goldstein what led him to file the Motion to Modify, and in response Mr. Goldstein stated to the Court that he only discovered the mistake because Debtor called him asking if his Plan was about to end. Debtor seeks to reduce the Plan dividend from 12% to 0.1%, but to maintain the current Plan payment of $1,195.00.

The proposed modification would result in the Plan concluding in forty-two (42) months instead of the current and confirmed length of sixty (60). The Debtor, however, alleges no change in circumstances. Debtor's current attorney acknowledges that the sole basis for the Motion is that there is a mistake in the Plan because the Debtor is not actually "above median income." In addition, Debtor's current counsel recognizes that original counsel erred in filing a plan listing Debtor as "above median income". Instead, Mr. Goldstein advocated for modification based on numbers provided in Debtor's bankruptcy petition, arguing that the Court should consider the petition's figures despite the conflicting terms of the confirmed Plan. The Trustee objects, and argues that the terms of the confirmed Plan bind the Debtor without regard to any mistake, and that he must pay into his Plan for the entire "applicable commitment period," a minimum of five years.

■ To understand the significance of this alleged error, a brief history of the origin and effect of the term "above median income" is in order. The Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), took effect on October 17, 2005, and introduced the term and its counterpart, the applicable commitment period (ACP). The ACP is the time-period over which debtors must pay all of their disposable income into a plan for the benefit of creditors. Lundin, Keith M. and Brown, William H., *Chapter 13 Bankruptcy, 4th Edition*, § 493.1, at ¶ 3, Sec. Rev. Mar. 28, 2006, <www.Ch13online.com>.

■ Under BAPCPA, debtors that are "above median income" must pay into a Chapter 13 plan for a minimum of 60 months, as opposed to "below median income debtors", who are only required to stay in a plan for thirty-six (36) months. *In re Harkins et. al,* 491 B.R. 518, 543–44 (Bankr.S.D.Ohio 2013); *In re Engle,* 496

B.R. 456, 459 (Bankr.S.D.Ohio 2013). ACP concerns a period of time, not an amount paid. *Danielson v. Flores (In re Flores)*, 735 F.3d 855, 858–62 (9th Cir. 2013) (en banc). Even a debtor with little or no disposable income is required to stay in a plan for sixty months, as long as their income is above the median. *Id.* Thus, the mistake of listing a debtor as "above median income", who may not actually be, is a massive one potentially resulting in two (2) years of additional plan payments.

■ Turning to statutory provisions and case law, Section 1327(a) of the Code states that, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." The Bankruptcy Appellate Panel of the Sixth Circuit has held that the terms of the plan bar future litigation on any issue that a bankruptcy court could have ruled upon at the confirmation hearing, under the doctrine of *res judicata*. *United States v. Shultz (In re Shultz)*, 347 B.R. 115, 2006 WL 1407466 at *3, (6th Cir. BAP 2006); *Salt Creek Valley Bank v. Wellman (In re Wellman)*, 322 B.R. 298, 301–02 (6th Cir. BAP 2004).

■ In this case, the words "above median income" appear plainly in a box at the top of Debtor's Second Amended Plan confirmed on July 6, 2012. Debtor alleges that the Plan is in error as to this term, but the doctrine of *res judicata* prevents the Court from revisiting any of the terms of the confirmed Plan. Debtor has only alleged that miscalculations in defining him as above median income occurred before and during the confirmation of the Plan, which indicates that he could have raised those allegations before and during the confirmation of the Plan. Having established that the Plan treats Debtor as making above median income, we can likewise establish that Debtor's ACP is sixty (60) months. 11 U.S.C. § 1325(b)(4)(A)(ii).

Despite the binding effect of confirmation, Section § 1329(a) provides grounds for modification of a confirmed plan, prior to completion, in the following limited circumstances:

(1) to increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) to extend or reduce the time for such payments;

(3) to alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or

(4) to reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance.

■ Although the statute does not explicitly mention "changed circumstances", bankruptcy judges have interpreted Section 1329(a) of the Code as granting courts the discretion to consider changed circumstances when considering whether to modify a confirmed plan. *In re Hill*, 386 B.R. 670, 673–78 (S.D.Ohio 2008). When a Court modifies a Chapter 13, however, it is required to consider the interests of creditors, not just those of debtors. *In re Jefferson*, 299 B.R. 468, 470 (Bankr. S.D.Ohio 2003).

■ In this case, the Debtor is asking the Court to modify the Plan that the Debtor, the Trustee, the Court, and the creditors have all been operating under for over three years. There are times in cases where circumstances change and creditors have to accept less as a natural result of the bankruptcy process, but here Debtor asks creditors to accept less when

nothing about the estate has changed whatsoever, save a past due attempt to remove the above-median income label from his confirmed plan. With no allegation of a change in circumstances and the binding effect of Section 1327(a) of the Code in force, there is simply no recourse for the Debtor to modify his Plan under Section 1329(a) of the Code.

 Another avenue by which the Debtor may have modified or vacated the Confirmation Order is a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1) and (2). Mistakes such as drafting errors, or newly discovered facts; however, require the filing of a reconsideration motion within one year from entry of an order. FRCP 60(c)(1). Unfortunately, the Debtor, his current counsel, and/or his former counsel failed to act until nearly three years after confirmation. This may serve as the basis for a malpractice claim, but not as an excuse for modification.

For all these reasons, the Court **DENIES** Debtor's Amended Motion to Modify Chapter 13 Plan.

**IT IS SO ORDERED.**