**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Messer,* Slip Opinion No. 2016-Ohio-510.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-510

IN RE MESSER ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Messer,* Slip Opinion No. 2016-Ohio-510.]**

*Mortgages—Recordation—Constructive notice—R.C. 1304.401 applies to all recorded mortgages in Ohio and provides constructive notice of existence and contents of recorded mortgage that was deficiently executed under R.C. 5301.01.*

(No. 2014-2036—Submitted October 14, 2015—Decided February 16, 2016.)

ON ORDER from the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, Certifying Questions of State Law, No. 13-57467, Adversary Proceeding No. 13-2448.

_____

**SYLLABUS OF THE COURT**

1. R.C. 1304.401 applies to all recorded mortgages in Ohio.

2.  R.C. 1301.401 acts to provide constructive notice to the world of the existence and contents of a recorded mortgage that was deficiently executed under R.C. 5301.01.

————————

**LANZINGER, J.**

**{¶ 1}** In this case we are asked to determine whether R.C. 1301.401, which provides that the recording of certain documents provides constructive notice, applies to all recorded mortgages in Ohio and whether that statute provides constructive notice of a recorded mortgage that was deficiently executed under R.C. 5301.01.  We answer both questions in the affirmative.

I.  Case Background

**{¶ 2}** As set forth in the facts supplied by the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, petitioners Daren and Angela Messer executed a promissory note and mortgage on November 26, 2007, in favor of Mortgage Electronic Registrations Systems, Inc., in which the notary acknowledgment on the mortgage was left blank, providing no indication as to whether the Messers executed the mortgage in front of a notary.  On December 4, 2007, the mortgage was recorded with the Franklin County Recorder with the notary section incomplete.  In 2013, all interest in the mortgage was assigned to respondent JP Morgan Chase Bank, NA ("JP Morgan").

**{¶ 3}** The Messers later initiated a Chapter 13 bankruptcy and later commenced an adversary proceeding asking to avoid the mortgage as defectively executed under R.C. 5301.01.  The bankruptcy court determined that its interpretation of R.C. 1301.401 would be dispositive in this case, but found no interpretation of that provision by any court.  It accordingly certified to this court questions of state law concerning whether R.C. 1301.401 has an effect on the case.

**{¶ 4}** We agreed to answer the two questions of state law certified by the bankruptcy court:

"1. Does O.R.C § 1301.401 apply to all recorded mortgages in Ohio?

"2. Does O.R.C. § 1301.401 act to provide constructive notice to the world of a recorded mortgage that was deficiently executed under O.R.C. § 5301.01?" 141 Ohio St.3d 1452, 2015-Ohio-239, 23 N.E.3d 1194.

## II. Analysis

**{¶ 5}** Because resolution of this case depends upon the clear language of the relevant statutes, our analysis begins by looking at that language. R.C. 5301.01(A) sets forth the requirements for a mortgage in Ohio. It states:

> A * * * mortgage * * * shall be signed by the * * * mortgagor * * *. The signing shall be acknowledged by the * * * mortgagor * * * before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgment.

**{¶ 6}** R.C. 1301.401 provides that the recording of certain documents provides constructive notice:

> (B) *The recording with any county recorder of any document* described in division (A)(1) of this section * * * *shall be constructive notice* to the whole world *of the existence and contents* of [the] document as a public record and of any transaction referred to in that public record, including, but not limited to, any transfer, conveyance, or assignment reflected in that record.
>
> (C) Any person contesting the validity or effectiveness of any transaction referred to in a public record is considered to have discovered that public record and any transaction referred to in the

record as of the time that the record was first * * * tendered to a
county recorder for recording.

(Emphasis added.) R.C. 1301.401(B) refers to "any document described in division (A)(1)" of that statute. R.C. 1301.401(A)(1) names "[a]ny document described or referred to" in R.C. 317.08. Included among the documents listed in R.C. 317.08 are "[m]ortgages, including amendments, supplements, modifications, and extensions of mortgages, or other instruments of writing by which lands, tenements, or hereditaments are or may be mortgaged or otherwise conditionally sold, conveyed, affected, or encumbered." R.C. 317.08(A)(19).

### A. R.C. 1301.401 applies to all recorded mortgages

{¶ 7} The Messers argue that R.C. 1301.401's placement in the portion of the Revised Code consisting of Ohio's Uniform Commercial Code ("UCC") means that the statute applies only to transactions governed by the UCC and does not apply to mortgages, which they state are contracts governed by Ohio contract law. They reason that the legislature's intention that R.C. 1301.401 does not apply to mortgages is evidenced by the fact that the statute appears in the UCC, rather than in Title 53 of the Revised Code, which covers real property.

{¶ 8} We disagree with petitioners that R.C. 1304.401 applies only to commercial transactions governed by the UCC, and not to mortgages. The statute's clear and broad language indicates that it applies to "any document described in division (A)(1)" of the section. R.C. 1304.401(A)(1) clearly states that any document described or referred to in R.C. 317.08 is included in the statute's purview. R.C. 317.08(A)(19), in turn, explicitly includes mortgages. Based on this unambiguous statutory language, we hold that R.C. 1304.401 applies to all recorded mortgages in Ohio.

*B.  The act of recording a mortgage provides constructive notice to the world of that mortgage, even if the mortgage was deficiently executed under R.C. 5301.01*

{¶ 9} The Messers argue that application of R.C. 1301.401 to recorded mortgages is inconsistent with R.C. 5301.25(A), which provides that all "instruments of writing properly executed for the conveyance or encumbrance of lands * * * shall be recorded in the office of the county recorder of the county in which the premises are situated" and that "[u]ntil so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that * * * instrument."  Thus, they argue, a mortgage does not provide constructive notice if it is not "properly executed."

{¶ 10} We do not agree.  R.C. 5301.25(A) requires properly executed mortgages to be recorded and provides that until they are recorded they are deemed as fraudulent to a bona fide purchaser who has no knowledge of the existence of that mortgage.  Rather than contradict this basic principle, R.C. 1304.401 simply provides that the act of recording a "mortgage" provides constructive notice to the whole world of the existence and contents of the mortgage document.  No mention is made of whether the mortgage has been properly executed, whether it was required to be filed, or whether it is free from defects.  If it is a "mortgage," notice of the contents is provided.

{¶ 11} The Messers also argue that R.C. 5301.01(B) and 5301.23(B) support their contention that R.C. 1301.401 does not provide for constructive notice of deficiently executed mortgages that have been recorded.  R.C. 5301.01(B)(1) states that the recording of a mortgage executed prior to February 1, 2002, and not acknowledged in the presence of, or not attested by, two witnesses constitutes constructive notice of the mortgage.  R.C. 5301.23(B) provides that the omission of the current mailing address of the mortgagee does not affect the validity of the mortgage or render it ineffective for purposes of constructive notice.  The Messers

reason that the existence of these statutes shows that if the General Assembly wished to create constructive notice for deficiently executed mortgages, it would have done so in R.C. Chapter 5301. They further argue that these statutes preclude any other types of deficient mortgages from providing constructive notice.

{¶ 12} We disagree. These statutes set forth two instances in which the recording of a deficiently executed mortgage will provide constructive notice: (1) pre-February 1, 2002 mortgages that were not acknowledged in the presence of, or not attested by, two witnesses and (2) mortgages that omit the current mailing address of the mortgagee. The existence of these two statutes does not preclude the General Assembly from recognizing other instances in which the recording of a deficiently executed mortgage can provide constructive notice. Neither R.C. 5301.01(B) nor 5301.23(B) contains language preventing constructive notice for other types of deficiently executed mortgages. The portion of R.C. 1304.401 stating that the act of recording provides constructive notice to the whole world of the existence and contents of the mortgage document is completely compatible with R.C. 5301.01(B), R.C. 5301.23(B), and the rest of the Revised Code. Furthermore, as noted above, the fact that R.C. 1304.401 is not located in R.C. Chapter 5301 does not preclude it from applying to mortgages. For these reasons, we hold that R.C. 1301.401 acts to provide constructive notice to the world of a recorded mortgage that was deficiently executed under R.C. 5301.01.

## III. Conclusion

{¶ 13} We hold that R.C. 1301.401 applies to all recorded mortgages in Ohio. We further hold that that statute acts to provide constructive notice to the world of the existence and contents of a recorded mortgage that was deficiently executed under R.C. 5301.01. We accordingly answer each question of state law certified by the bankruptcy court in the affirmative.

So answered.

6

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Fisher, Skrobot & Sheraw, L.L.C., Brett R. Sheraw, and John C. Ridge, for petitioners.

Fesenmeyer Law Offices, L.L.C., Danielle R. Weinzimmer, Thomas M. Fesenmeyer, and Courtney A. Cousino, for petitioners.

Plunkett Cooney P.C. and Amelia A. Bower, for respondent.

McFadden & Freeburg Co., L.P.A., Monica E. Russell, and Donald P. McFadden, in support of respondent for amicus curiae, Ohio Land Title Association.

_____