IN RE: Daren A. MESSER, Angela L. Messer, Debtors.

Daren A. Messer, Angela L. Messer, Plaintiffs.

v.

JPMorgan Chase Bank, NA, Defendant.

Case No. 13–57467

Adv. Pro. No. 13–2448

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Signed July 20, 2016

John C. Ridge, Brett R. Sheraw, Danielle R. Weinzimmer, Fisher, Skrobot & Sheraw LLC, Columbus, OH, for Debtors/Plaintiffs.

Amelia A. Bower, Kenneth C. Johnson, Bricker & Eckler, LLP, Columbus, OH, for Defendant.

### ORDER GRANTING MOTION OF JP MORGAN CHASE BANK NA TO DISMISS AND/OR FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 10)

Caldwell, Judge.

On December 20, 2013, Daren A. Messer and Angela L. Messer (Plaintiffs) filed a Complaint to Determine Validity and Extent of Lien, to Avoid the Mortgage Lien, to Recover Money Judgment and to Disallow Claim (Complaint). Despite having signed the residential note and mortgage held by JPMorgan Chase Bank, NA (Defendant), Plaintiffs asserted that they were invalid because the notary acknowledgment space was blank, in violation of Ohio Revised Code Section 5301.01 (O.R.C.§ 5301.01). Tactically, Plaintiffs' interest in their residence, financed by Defendant, would then be free and clear of all liens, and Defendant would move down the line to stand with general unsecured creditors who will receive only two percent of

their claims, pursuant to Plaintiffs' confirmed plan.

On March 14, 2014, Defendant filed the present Motion to Dismiss and/or for Judgment on the Pleadings, arguing in relevant part that the newly enacted Ohio Revised Code Section 1301.401 (O.R.C.§ 1301.401) rendered the alleged defect in the mortgage irrelevant. This Court determined that neither the Supreme Court of Ohio nor any other state court in Ohio had yet interpreted O.R.C. § 1301.401, and therefore certified questions concerning the Statute to that Court. On February 16, 2016, the Supreme Court of Ohio ruled. Upon review of that ruling along with the pleadings filed, the Court grants the Defendant's Motion. The bases for this decision follow.

According to the Complaint, on November 26, 2007, Plaintiffs purchased their residence located at 359 W. Waterloo St., Canal Winchester, Ohio, 43110. The purchase price was $160,942.00. At that same time Plaintiffs executed a corresponding promissory note and mortgage that was later assigned to Defendant. Plaintiffs assert, however, that during the closing process the notary acknowledgment on the mortgage was left blank. However, both the deed and the mortgage were recorded on December 4, 2007.

Plaintiffs filed their Chapter 13 bankruptcy petition on September 19, 2013, and commenced this adversary proceeding on December 20, 2013. The Defendant filed the present Motion to Dismiss and/or for Judgement on the Pleadings on March 14, 2014. Central to Defendant's argument is that under the recently enacted Ohio statute, O.R.C. § 1301.401, the recording of a mortgage served as constructive notice of the mortgage. Defendant asserts that this provision curtails the practice of bankruptcy trustees, and debtors with as-

signed standing, from avoiding mortgages cloaked as judgment lien creditors or as bona fide purchasers without constructive notice of alleged title defects. 11 U.S.C. § 544(a)(1) and (3). Bankruptcy Courts of course must look to state law to determine property rights of trustees and debtors. *Rogan v. Bank One, National Association (In re Cook)*, 457 F.3d 561, 566 (6th Cir.2006); *Field v. Ocwen Loan Servicing, L.L.C., et al. (In re Schlabach)*, 490 B.R. 555, 560 (Bankr. S.D.Ohio 2012)

The Ohio General Assembly enacted O.R.C. § 1301.401 on December 12, 2012, and it became effective on March 27, 2013. The statute reads in relevant part:

(A) For purposes of this section, "public record" means either of the following:

(1) Any document described or referred to in section 317.08 of the Revised Code;

(2) Any document the filing or recording of which is required or allowed under any provision of Chapter 1309. of the Revised Code.

(B) **The recording with any county recorder of any document described in division (A)(1) of this section** or the filing or recording with the secretary of state of any document described in division (A)(2) of this section **shall be constructive notice to the whole world of the existence and contents of either document as a public record and of any transaction referred to in that public record**, including, but not limited to, any transfer, conveyance, or assignment reflected in that record.

(C) **Any person contesting the validity or effectiveness of any transaction referred to in a public record is considered to have discovered that public record and any transaction referred to in the record as of the time that the**

658

**record was first filed with the secretary of state or tendered to a county recorder for recording.**

O.R.C. § 1301.401 (emphasis supplied).

The Plaintiffs argued that O.R.C. § 1301.401 did not apply to mortgages because it was found in the Uniform Commercial Code section of the Ohio Revised Code. In addition, they asserted that if the Statute was read to provide constructive notice of defectively executed mortgages, it would then be inconsistent with Ohio's existing mortgage recording laws, including O.R.C. § 5301.01. The Court determined that its interpretation of O.R.C. § 1301.401 would be dispositive of the case, but also found that neither the Supreme Court of Ohio nor any other Ohio courts had yet interpreted the Statute.

The Court decided that it was better to allow the highest state court to have the first opportunity to rule on the new Statute, and therefore certified two questions to the Supreme Court of Ohio on November 21, 2014: "1. Does O.R.C. § 1301.401 apply to all recorded mortgages in Ohio?"; and "2. Does O.R.C. § 1301.401 act to provide constructive notice to the world of a recorded mortgage that was deficiently executed under O.R.C. § 5301.01?". On February 16, 2016, the Supreme Court of Ohio answered both questions in the affirmative. *In re Messer*, 145 Ohio St.3d 441, 50 N.E.3d 495 (2016).

As to the first question, whether O.R.C. § 1301.401 applies to all recorded mortgages in Ohio, the Supreme Court of Ohio wrote that it "... clearly states that any document described or referred to in R.C. 317.08 is included in the statute's purview. R.C. 317.08(A)(19), in turn, explicitly includes mortgages. Based on this unambiguous statutory language, we hold that R.C. 1301.401 applies to all recorded mortgages in Ohio." *In re Messer*, at 444, 50 N.E.3d 495.

Regarding the second question, about whether O.R.C. § 1301.401 acts to provide constructive notice of even a deficiently executed mortgage, the high court wrote "... R.C. 1301.401 simply provides that the act of recording a 'mortgage' provides constructive notice to the whole world of the existence and contents of the mortgage document. No mention is made of whether the mortgage has been properly executed, whether it was required to be filed, or whether it is free from defects. If it is a 'mortgage,' notice of the contents is provided." *In re Messer*, at 444–45, 50 N.E.3d 495.

With the Supreme Court of Ohio's ruling in hand, the parties came before the Court for a status hearing on April 25, 2016, to determine if there were any issues remaining to be resolved. Plaintiffs acknowledged that they no longer had a viable claim as a hypothetical bona fide purchaser without constructive notice of prior liens under Section 544(a)(3) of the United States Bankruptcy Code (Code). However, they argued, that the Supreme Court of Ohio's ruling did not affect their status as a hypothetical judgment lien creditor under Section 544(a)(1) of the Code.

This position ignores the plain language of Section 544(a) of the Code which applies both to hypothetical judgment lien creditors (11 U.S.C. § 544(a)(1)) and bona fide purchasers (11 U.S.C. § 544(a)(3)). Section 544(a) states in relevant part, "The trustee shall have, as of the commencement of the case, **and without regard to any knowledge of the trustee or any creditor,** the rights and powers of ... (a judgment lien creditor or a bona fide purchaser) ...". (emphasis supplied). The knowledge discussed is actual awareness of prior liens or mortgages, not constructive notice provided by state law. *Treinish v. Norwest Bank Minnesota, N.A., et al. (In*

*re Periandri)*, 266 B.R. 651, 655 (6th Cir. BAP 2001); *AG New Mexico, et al. v. Borges, et al. (In re Borges)*, 485 B.R. 743, 763 (Bankr.D.New Mexico 2012). The Ohio legislature acted to provide constructive notice, and this fact has now been confirmed by the Ohio Supreme Court. Whether one claims the status of a hypothetical judgment lien creditor or a bona fide purchaser, constructive notice under state law precludes avoidance through Section 544 of the Code. Further, as the Defendant's mortgage is now not subject to avoidance, Plaintiffs' claim challenge is moot.

Now in Ohio, without regard to any mortgage defects discovered by debtors and trustees, and in the absence of fraud, the parties to the home purchase transaction are bound by the terms of their agreements, as voluntary lenders and borrowers. *Seabrooke v. Garcia*, 7 Ohio App.3d 167, 169, 454 N.E.2d 961, 964 (Oh. 9th Dist. Ct. of Appeals 1982). Trustees or debtors with derivative standing in Ohio, can no longer use Section 544 of the Code to convert funds that would have gone to mortgage holders into instant exempt home equity and enhanced distributions to general unsecured creditors, that never lent money for the purchase of the home. Rather, Section 544 of the Code was intended "... to cut off unperfected security interests, secret liens and undisclosed prepetition claims ... and ensure the goal of equal distribution of a debtor's assets among its creditors". *Stubbins v. American General Financial Services, Inc., et al. (In re Easter)*, 367 B.R. 608, 613 (Bankr. S.D.Ohio 2007).

For these reasons, the Court **GRANTS** the Motion of JP Morgan Chase Bank NA to Dismiss and/or for Judgment on the Pleadings. The Court renders a judgment on the pleadings in favor of the Defendant and against the Plaintiffs, and further orders that this adversary proceeding is **DISMISSED.**

**IT IS SO ORDERED.**