IN RE: **Stephen B. SIMMONS, Judith H. Simmons, Debtors.**

**Stephen B. Simmons, Judith H. Simmons, Plaintiffs.**

**v.**

**Federal Home Loan Mortgage Corporation, et. al., Defendants.**

**Case No. 15–54015**
**Adv. Pro. No. 15–2222**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

November 8, 2016

---

W. Travis Garrison, Garrison Law, LLC, Worthington, OH, Christopher John Spiroff, Spiroff Law Office, Columbus, OH, for Plaintiffs.

Kevin Michael Hudspeth, Law Offices of Kevin M. Hudspeth, LLC, Maineville, OH, Jeffrey Steven Rosenstiel, Graydon Head & Ritchey, LLP, Cincinnati, OH, for Defendants.

Ocwen Loan Servicing, LLC, Columbus, OH, pro se.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOCS. NO. 22 AND 21)

Judge Caldwell

Stephen B. and Judith H. Simmons (Plaintiffs) filed for Chapter 13 bankruptcy relief on June 18, 2015. They commenced this adversary proceeding on December 4, 2015, against Federal Home Loan Mortgage Corporation (FHL), Residential Credit Solutions, Inc. (RCS), and Ocwen Loan Servicing, LLC (Ocwen) (Defendants). Plaintiffs seek to avoid a lien against their home, 7909 Lott Road, Marengo, Ohio, 43334, located in Delaware,

County, Ohio (Property). The lien Plaintiffs seek to avoid is a Mortgage currently held by FHL and serviced by RCS. Ocwen previously held and serviced the mortgage. After reviewing the facts, the parties' legal arguments, the relevant statutes, case law, and stipulations, the Court concludes that the Plaintiffs are entitled to summary judgment avoiding the Mortgage. A summary of the facts and bases for this ruling follow.

The Plaintiffs acquired the Property on May 28, 2003, and the deed was recorded in Delaware County, Ohio on June 2, 2003. The Plaintiffs refinanced with GMAC Mortgage, LLC (GMAC) on June 4, 2012, for $110,600.00. However, on June 29, 2012, the Mortgage was recorded in Carroll, rather than Delaware County, Ohio. The Mortgage used the correct legal description, but referenced Carroll County as the location.

Three years later on June 18, 2015, when Plaintiffs filed bankruptcy, they listed Ocwen Loan Servicing, LLC on "Schedule D–Creditors Holding Secured Claims", with a first mortgage on the Property. While Plaintiffs failed to state on Schedule D whether the asserted secured claim was contingent, unliquidated or disputed, the listing detailed that the Delaware County Recorder's Office had no evidence of recordation. Two months later on October 19, 2015, RCS filed a secured proof of claim on the behalf of FHL asserting a lien against the Property in the amount of $104,631.00, with an arrearage of $14,593.99.

On June 25, 2015, Plaintiffs filed their proposed Chapter 13 plan (Plan), using this Court's Mandatory Form Plan (MFP). The Court required the use of the MFP for all Chapter 13 debtors in a General Order entered on October 24, 2007, with an effective date of January 1, 2008. Section B (3) of the Plan treated Defendants' asserted Mortgage as an unsecured claim, subject to the commencement of litigation for this Court to make a final determination. Further, the Plan includes the standard MFP language conferring standing upon the Plaintiffs to pursue such litigation. Ocwen objected to Plaintiffs' proposed Plan on July 9, 2015, arguing that the balance owed ($103,648.11), should not be treated as unsecured, and that the Plan failed to address an arrearage of $9,496.05.

On September 1, 2015, the Court entered an Order signed by Ocwen and the Plaintiffs (Agreed Order), allowing the Plan to proceed to confirmation, while reserving the dispute over the Mortgage for a future adversary proceeding. The key terms are:

1. Debtors and Creditor [Ocwen] hereby agree that Debtors shall file the Adversary Proceeding referenced in Section B (3) of the Debtors' Chapter 13 plan within ninety (90) days from the Entry of an Order confirming the Debtors' Chapter 13 Plan to determine the validity of Creditor's mortgage and security interest.

2. The parties agree that nothing in the Confirmation of the Plan will impact any defenses available to Creditor in the Adversary Proceeding.

3. Creditor's Objection is deemed moot upon Entry of this Order.

The Court confirmed the Plan on September 11, 2015, and on October 19, 2015, RCS filed a secured proof of claim in the main bankruptcy case on behalf of itself and FHL. Plaintiffs filed the present adversary proceeding, on December 4, 2015. Plaintiffs' Complaint alleged that the confirmed Plan gives them standing to pursue the action in the shoes of the Trustee. The Trustee's powers are delineated in Section 544(a)(1) and (3) of the United States Bankruptcy Code (Code) as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists...

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Plaintiffs allege that because the Mortgage was recorded in the wrong county, contrary to Ohio law, it should be avoided under Section 544(a)(1) and (3) of the Code, and ORC Sections 5301.23(A) and 5301.25(A). Specifically, Section 5301.23(A) of the Ohio Revised Code provides: "All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record...." (emphasis supplied). In addition, 5301.25(A) of the Ohio Revised Code mandates:

All deeds, land contracts referred to in division (A) (21) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments, other than as provided in division (C) of this section and section 5301.23 of the Revised Code, shall be recorded in the office of the county recorder of the county in which the premises are situated. Until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument. (emphasis supplied).

Defendants answered Plaintiffs' Complaint on December 28, 2015, claiming as a defense that Plaintiffs lack standing to bring the case because they never filed a motion asking the Trustee to grant them derivative standing, and that they are not the "real parties in interest for the claims they purport to assert." Defendants also claimed that Plaintiffs failed to meet the standards of Code Section 544.

█ On July 11, 2016, the Parties each filed a motion for summary judgment in favor of their respective positions, and on July 21, 2016, each Party filed a response. Based upon these pleadings and arguments of counsel, the Court finds that Plaintiffs have derivative standing, as assigned by the Trustee, through the language of the confirmed Plan.

█ It is not controversial that chapter 13 debtors may be granted derivative standing to pursue avoidance actions, using a trustee's powers under Code Section 544. This concept is so well settled that it has been enshrined within the Court's MFP. In addition, Code Section 1327(a) provides "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." This

Court recently described the binding effect of confirmation as "the terms of the [confirmed] plan bar future litigation on any issue that a bankruptcy court could have ruled upon at the confirmation hearing, under the doctrine of *res judicata*. *In re Ragland*, 544 B.R. 393, 396 (Bankr. S.D. Ohio 2016).

If the Defendants believed that the Plan language, taken directly from the MFP, was insufficient to confer standing upon the Plaintiffs, they should have objected on that basis prior to confirmation. Defendants argue, however, that because the Agreed Order expressly preserves their right to raise defenses in the adversary proceeding, it somehow invalidates the Plan language taken directly from the MFP. The Court disagrees.

The Agreed Order states "Debtors and Creditor hereby agree that Debtors shall file the Adversary Proceeding referenced in Section B (3) of the Debtors' Chapter 13 plan...." Section B (3) of the Plan states "to the extent that the Trustee has standing to bring such action, standing is hereby assigned to Debtor." Defendants' argument is less confusion and more device. The Court finds and concludes that the Plan was effective in conferring standing to the Plaintiffs, and that all Parties are bound to this result (11 U.S.C. § 1327(a)).

In addition, the Court finds and concludes that via the Code's avoidance powers, Plaintiffs are entitled to abrogate the Mortgage under either Code Section 544(a)(1) or (3). Simply put, a bona fide purchaser or a judicial lien creditor of the Property, located in Delaware County, Ohio, could never have "constructive notice" of a mortgage recorded in Carroll County, Ohio, which is located 128.7 miles to the Northeast. *In re Houston*, 409 B.R. 799, 805–06 (Bankr. D.S.C. 2009); *See also Messer v. JPMorgan Chase Bank (In re Messer)*, 555 B.R. 656, 658 (Bankr. S.D. Oh. 2016) (lack of constructive notice applies to both hypothetical bona fide purchasers and judgment lien creditors).

For these reasons, the Court finds and concludes that Plaintiffs may avoid the Defendants' Mortgage on the Property. On this basis, the Court **GRANTS** summary judgment in favor of the Plaintiffs, and **DENIES** Defendants' summary judgment request.

**IT IS FURTHER ORDERED** that Plaintiffs are **GRANTED** leave to prepare and upload a proposed judgment order avoiding Defendants' Mortgage, in accordance with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**